Newcomb v. Dewey.

NEWCOMB v. DEWEY *et al.*

1. **Jurisdiction:** JUDGMENT: VERITY OF RECORD RECITALS. In a direct proceeding to set aside a judgment instituted in the court wherein the judgment was rendered, it may be shown that in fact the court had no jurisdiction of the person of the defendant, notwithstanding the judgment recites that he was "duly and legally served with notice, and was notified of the pendency of the suit."

2. —— If the court did not in fact have jurisdiction, all of its decisions and findings, of whatever character, are alike nullities.

3. —— AGENT'S WANT OF AUTHORITY MAY BE SHOWN. For the purpose of establishing the fact that the court had no jurisdiction, it may be shown that the agent or attorney had no authority to accept service or enter an appearance.

4. **Mortgage:** REDEMPTION: PARTIES. In order to cut off, by a foreclosure proceeding, the right of redemption of a junior incumbrancer, he must be made a party to the proceeding.

| 27 | 381 |
|---|---|
| 84 | 140 |
| 84 | 613 |
| 27 | 381 |
| 115 | 624 |
| 27 | 381 |
| 125 | 378 |

*Appeal from Scott District Court.*

FRIDAY, JUNE 25.

ACTION in equity by a junior lien holder to redeem certain real estate from the lien of, and title claimed under, a senior mortgage. The facts, in brief, are these. October 14th, 1856, C. D. Burmeister and wife, the acknowledged owners of the mortgaged estate, executed a mortgage thereon to Chauncey Dewey to secure the sum of $6,000, balance of purchase-money due thereon, payable in installments. This mortgage was duly recorded. On May 2, 1857, the said C. D. Burmeister and wife executed to Daniel T. Newcomb a deed of trust upon the same real estate to secure the payment of $900, the amount of two promissory notes executed by said Burmeister to the plaintiff, Simon Newcomb. This trust-deed was duly recorded, and was in the usual form, first conveying the absolute title to Daniel T. Newcomb, and then specifying that it was made " for the following uses and purposes only, to wit: " to secure the payment of the notes, and in case of default in paying the same, then the trustee was authorized to sell the property after giving three weeks' notice to pay the notes with the proceeds, and to pay the balance, if any, over to the grantor in the trust-deed.

The petition sets out the making of the mortgage and the trust-deed, and the payment of certain amounts upon the mortgage. It is then stated that, " on the twenty-second day of April, 1859, the defendant, Chauncey Dewey, instituted a certain action in the District Court of Scott county (where the land is situated) for the foreclosure of the said mortgage, wherein this plaintiff was made a defendant, and that no process whatever was ever in any manner served upon this plaintiff; but that one D. T. Newcomb, without any authority whatever from

Newcomb v. Dewey.

the plaintiff so to do, accepted, or pretended to accept, service of process in said cause in words and figures following indorsed on the original notice: ' I hereby accept service of the within notice for myself and for Simon Newcomb this twenty-first day of April, 1859. D. T. Newcomb.' That, without any other service than as above set forth, and the court having no jurisdiction of this plaintiff, the defendant, on the twenty-first day of September, 1859, claimed and obtained a decree of foreclosure of his said mortgage." That the mortgage debt was adjudged to be $2,088, then due, and $3,750 to become due; a sale of the mortgaged premises was ordered, and this plaintiff forever barred and foreclosed from setting up any title thereto either in law or equity.

That at the sale, this defendant, Chauncey Dewey, purchased the property for $5,050, and afterward sold and conveyed the same to T. & J. Arp, defendants herein; that said premises were then and are now worth $12,000, and the annual rents have been worth $1,500, since the sale up to the commencement of this suit, during which time said defendants have had possession and enjoyed the rents thereof. The plaintiff further avers that he is, and always has been, a non-resident of this State, and never was in the same; and that he never was served within this State, and never was served with process in the said suit of said defendant Dewey in any way or manner, either by publication or otherwise; and that no copy of the petition was ever mailed to him as required by law, nor was any affidavit filed showing any excuse therefor; and that he never had any knowledge or notice of the pendency of said suit, nor of there having been a decree rendered therein until the year 1868, a few days before the commencement of this suit.

The decree of foreclosure is referred to in the petition, and a copy is annexed thereto; it recites *inter alia* that

HARVARD LAW SCHOOL LIBRARY

" the defendants Daniel T. Newcomb and Simon New-comb, etc., though duly and legally served with notice, and notified of the pendency of this suit, and three times solemnly called in open court, came not, but made default herein, and the court having examined the pleadings, proofs and exhibits on file and produced to the court, and being fully advised in the premises, finds that all said defendants have been served with due and legal service of the pendency of this suit," etc.

Various alleged irregularities and illegalities are set forth in the petition as occurring in the proceedings prior to the decree, as well as in the sale under the decree and otherwise, which it is averred make the proceedings void, and entitle plaintiff to redeem. But they are immaterial under the written stipulation of the counsel filed in the case, " that the only question to be raised and discussed is the question of jurisdiction of the court over the per-son of the said plaintiff, Simon Newcomb, in the fore-closure suit brought by Dewey against Burmeister, Simon Newcomb and others."

The defendants demurred to the petition because it did not state facts sufficient to constitute a cause of action ; and it states facts which avoid the cause of action. This demurrer was sustained. The plaintiff electing to stand by his petition, judgment was entered dismissing the same. The plaintiff appeals.

*Brown & Sully* and *James T. Lane* for the appellant.

I. A person cannot be deprived of his property with-out due process of law. The lien of plaintiff, by virtue of his second mortgage and his right to redeem, were property.

Procuring the acceptance of a stranger upon the pro-cess is not due process of law.

II. The court held that the record entry having recited the fact of service it was *res adjudicata*.

But the court had no right to proceed to adjudge any thing as against this plaintiff, without jurisdiction of the person. *McGahan* v. *Carr*, 6 Iowa, 331; *Tunis* v. *Withrow*, 10 id. 305.

The process and return thereon and pleadings are as much a part of the record as the judgment entry, and the return being part of the record discloses of *record* the lack of jurisdiction.

III. It is urged that the person accepting may have been proved to have had authority — if he did not in point of fact have authority as the bill avers and the demurrer admits, the court could not proceed to hear evidence and determine.

If the plaintiff was not in court in point of fact, the court could not go on to decide that he was in court. *Harshy* v. *Blackmer*, 20 Iowa, 162. See also 5 Wendell, 148.

IV. There being no jurisdiction of the person, the judgment is void. *Harshy* v. *Blackmarr*, 20 Iowa, 162; *Rice* v. *Griffith*, 9 id. 539; *Abell* v. *Cross*, 17 id. 171; *Reynolds* v. *Ovis*, 7 Cow. 268; *Bigelow* v. *Stearnes*, 19 Johns. 39; *Dobson* v. *Pearce*, 12 N. Y. 156.

V. The property is worth, and is alleged to be worth, from $10,000 to $15,000, and there is no hardship in allowing plaintiff to redeem as the defendant Dewey will obtain his money, and the defendants Arp, the purchasers, will have their remedy upon the warranty of Dewey. They were bound to take notice of the record, showing that no personal service had been effected. The defendants were bound, at their peril, to see to the service of their process, and see that their adversary was in court. Per DILLON, in *Harshy* v. *Blackmarr*, 20 Iowa, 174.

VI. No judgment by default can be entered, unless the court, by inspection of the record, finds a service as required by law; and an acceptance by a stranger is not provided for by law. See Code of 1851, §§ 1731, 1732; Rev. 1860, §§ 2816, 3149; *Ely* v. *Tallman*, 14 Wis. 28; *Shumway* v. *Stillman*, 4 Cow. 292; *Sheward* v. *Nevins*, 2 Carter, 24; *Thompson* v. *Emmett*, 15 Ill. 415; *Aldrich* v. *Henry*, 4 Conn. 380; *Starbuck* v. *Murray*, 5 Wend. 148; *Harris* v. *Hardeman*, 14 How. 336–340; *Noyes* v. *Butler*, 6 Barb. 613; *Still* v. *Smith*, 7 Watts and Sarg. 447; *Bryant* v. *Williams*, 21 Iowa, 329.

*Davison & True*, and *H. R. & E. Claussen*, for the appellees, argued the case at length, orally and in writing. Their written brief not found on the reporter's file.

COLE, J. — The only question for decision is, whether the court had jurisdiction over the person of this plaint-

**1. JURISDIC-TION: judgment: verity of record: recitals.** iff in the foreclosure suit, so as to foreclose his equity in the property? It will be seen by the foregoing statement that by the demurrer the defendant admits:

1. That no process whatever was ever, in any manner, served upon this plaintiff.

2. That the plaintiff is and always has been a nonresident of the State, and never was in the same.

3. That no service by publication, copy of petition, or otherwise, was ever made upon this plaintiff, or attempted to be made.

4. That the only service was a pretended acceptance of service by one D. T. Newcomb.

5. That said acceptance of service was made without any authority whatever from plaintiff so to do.

6. That plaintiff never had notice or knowledge of the pendency of said suit, or of the decree, until a few days before the bringing of this suit.

That the judgment in the foreclosure suit, it being an adjudication by a court of general jurisdiction, is *prima facie* evidence of its own validity cannot be questioned.

That it is sufficient to sustain an action or defense without other proof, unless want of jurisdiction be affirmatively and clearly shown, must also be conceded; but the question remains, is such judgment so conclusive as to preclude inquiry into the fact of jurisdiction by the court pronouncing it? We are relieved somewhat of the burden otherwise incurred in deciding this question, and escape not a little of the conflict of the authorities by the fact that this action in equity is not a collateral but a *direct* attack upon that judgment, by seeking, in the court wherein it was rendered, to set the same aside as to this plaintiff, and thus open the door for redemption by him as a junior incumbrancer.

Our constitutional guaranty, that no person shall be deprived of his property without due process of law, is no broader or surer or better understood than the common-law principle, or principle of natural justice, which lies at the foundation of our jurisprudence, that no man shall have his property taken from him by a judicial proceeding without an opportunity being given him to show why it should not be taken—that is, without a day in court.

Taking the statements of the petition as true — and they are admitted by the demurrer — it is clear that this plaintiff did not have this opportunity afforded him by the foreclosure proceeding. He was, by the judgment in that case, deprived of his interest in the mortgaged estate without being given any opportunity to show why he should not be deprived of it. He was not served with notice, actual or constructive, nor was any person charged

with the protection of, or having authority to represent, his interest, notified of the proceeding. He has not been guilty of negligence in respect to the suit, nor of delay in asserting his rights. Upon principle, then, nothing further appearing, the judgment in the foreclosure proceeding ought not to conclude him. He ought to stand unaffected by it.

But is said that the judgment itself shows that the defendant was " duly and legally served with notice, and notified of the pendency of the suit," and that this, being shown by the record, becomes a verity, and cannot be disputed by this plaintiff; that necessarily and in every case the court must adjudicate upon the sufficiency of the service upon the defendants, and that its decision thereon becomes conclusive upon the parties, and, like any other competent adjudication of a court, cannot be avoided by pleading or averment.

If this were true to its full extent, then it would surely follow that it is only necessary to insert in any judgment the finding by the court that the defendants were duly and legally served with process; that this, without any service or pretense of service, in fact, would conclude the parties.

We do not stop to discuss the distinction (nor to question its soundness) sometimes made between a *defective* service and *no* service. See *Bonsall* v. *Isett*, 14 Iowa, 309, and cases cited. This case, under the averments of the petition, is of the latter class.

Upon principle, it seems to us the true question is, did the court, *in fact*, have jurisdiction? not, did the court *decide* that it had jurisdiction? If it did not, in fact, have jurisdiction, then its decision is a nullity; and it matters not what facts it finds, or what questions it decides; unless there was jurisdiction in fact, they are all alike nullities. If without jurisdiction it may not adjudi-

cate the real merits of the case, neither may it adjudicate any other question, whether it be introductory, incidental or collateral. A judgment becomes a verity, and concludes the parties, because, and only because, the court pronouncing it had jurisdiction so to do. Now, if the court, by its judgment, may conclude parties as to its jurisdiction, it would follow that the judgment would conclusively prove the jurisdiction, and the jurisdiction would conclusively prove the judgment. Or, as Mr. Justice MARCY more forcibly states the same proposition in delivering the opinion of the court in *Starbuck* v. *Murray* (5 Wend. 148), where the action was on a judgment which stated that " the defendant appeared to the suit," " the paper declared on is a record because it says you appeared, and you appeared because the paper is a record. This is reasoning in a circle. The appearance makes the record uncontrollable verity, and the record makes the appearance an unimpeachable fact. The fact which the defendant puts in issue (and the whole current of State court authority shows it to be a proper issue) is the validity of the record; and yet it is contended that he is estopped by the unimpeachable credit of that very record from disproving any one allegation contained in it. Unless a court has jurisdiction, it can never make a record which imports uncontrollable verity to the party over whom it has usurped jurisdiction; and he ought not, therefore, to be estopped, by any allegation in that record, from proving any fact that goes to establish the truth of a plea alleging a want of jurisdiction. * * * To say that the defendant may show the supposed record to be a nullity by showing a want of jurisdiction in the court which made it, and at the same time to estop him from doing so because the court have inserted in the record an allegation which he offers to prove untrue, does not seem to me to be very consistent. Under the operation of such a rule, a court could always sustain its jurisdiction if it

had any solicitude to do so; or, rather, the party who had the benefit of its decision, and who, by the practice of most tribunals, is intrusted with making the record, would not fail to put it beyond the power of his opponent to show a want of jurisdiction." This reasoning is sound, and has the support of many other cases. *Hall* v. *Williams*, 6 Pick. 232 ; *Aldrich* v. *Kenney*, 4 Conn. 280 ; *Harris* v. *Hardeman*, 14 How. (U. S.) 336, 340, and authorities there cited ; *Noyes* v. *Butler*, 6 Barb. 613 ; *Shelton* v. *Tiffin*, 6 How. (U. S.) 163, 186.

Another proposition relied upon or argued is as to the right of a defendant to show that the agent or attorney had no authority to accept service or enter an appearance. And this has been settled by this court, in favor of the right, in the case of *Harshey* v. *Blackmarr* (20 Iowa, 161), which see, and authorities there cited. Also 5 Am. Law Reg. (U. S.) 385. Nor does the fact that the real estate sold under the judgment has passed to third parties operate to defeat the right of the plaintiff to show the want of jurisdiction or of authority to accept service. See authorities last cited.

*3. —— agent's want of authority may be shown.*

It is proper to add that we were favored with a very able and elaborate argument by the learned counsel for the defendant in support of the proposition, that under our Code of 1851, under which the foreclosure judgment was rendered, as also under the Revision of 1860, a senior mortgagee was not required to make a junior incumbrancer a party to his foreclosure proceedings; but that a sale under the senior mortgage, whether made by notice and sale out of court or under a decree of court, cut off all right of redemption by any junior incumbrancer, without making them parties or giving them any notice.

*4. MORTGAGE: redemption: parties.*

While we recognize the force of the argument made, and confess its plausibility, yet it seeks to establish a rule

at variance with all prior decisions of this court and the conceded interpretation of the law by the profession, although it has never before been directly raised or decided. The well-established rule of equity courts, to the contrary of that claimed by counsel, has been so long recognized and applied, as that great confusion and evil would arise from a change at this day, greatly overbalancing any supposed advantages from the rule as claimed, and even if we thought it the better rule, which we do not, we should hesitate long before making the change.

WRIGHT, J., dissenting.

Reversed.