## SALLADAY V. BAINHILL.

**Judgment:** JURISDICTION: CONCLUSIVENESS OF RECITALS. In an ac-
tion upon a judgment rendered by a justice of the peace in this
state, it may be shown, by extrinsic evidence, in the face of a recital
contained in the judgment that the defendant was served with notice,
that in fact he had no notice, and that the judgment is therefore void for
want of jurisdiction.

*Appeal from Des Moines Circuit Court.*

### WEDNESDAY, OCTOBER 5.

ACTION upon a judgment rendered by a justice of the
peace of Des Moines county, October 5, 1859. The
judgment recites that a notice (summons) was returned,
"served by copy of same," and that, defendant failing to
appear, judgment by default was rendered. Defendant,
in his answer, avers that no service of notice, either
actual or constructive, was made upon him in the pro-
ceeding, and alleges that the judgment is therefore void.
No other question is made as to the sufficiency or form
of the judgment. Plaintiff demurred to the answer; the
demurrer was sustained, and from the decision of the court
below defendant appeals.

*P. Henry Smyth* and *D. Y. Overton* for the appellant.

*Hall & Baldwin* for the appellee.

BECK, J.—The question presented in this case for our
determination is this: In an action upon a judgment by
a justice of the peace of this state—a domestic judg-
ment—may the want of notice be shown by extrinsic
evidence contradictory of the averments of the judgment
reciting due notice?

This question a majority of the court are clearly of the

opinion is determined by the decision in *Newcomb* v. *Dewey*, 27 Iowa, 381. In that case it was ruled, that, in an action by a junior incumbrancer to redeem lands from a decree of foreclosure of a senior mortgage, it was competent for the plaintiff to prove, by extrinsic evidence, the want of authority of one who, claiming to be his agent, had accepted for him service of notice in the foreclosure proceeding, even though the record and decree in that case recited that the fact of legal service of notice had been made upon him, and was so adjudged by the court rendering the decree. It was held that the action to redeem was a direct attack upon the decree of foreclosure, which could be shown to be void for want of jurisdiction of the court rendering it over the person of the party whose right to redeem was cut off. See, also, *Kitsmiller* v. *Kitchen et al.*, 24 id. 163.

My examination of the case before us has created in my own mind very grave, though not controlling, doubts of the correctness of our former ruling. Neither am I satisfied beyond a doubt that the rules in the cases above cited are strictly applicable to this. I do not think that a discussion of the grounds upon which my doubts are founded is called for or would be proper. But, as a majority of the court approve, without hesitation, the rule in *Newcomb* v. *Dewey*, *supra*, and think it applicable to this case, I am content to concur, having expressed the uncertainty of my own mind upon the question.

The judgment of the circuit court upon the demurrer is

Reversed.