STONE *et al.* v. SKERRY *et al.*

**Jurisdiction :** VERITY OF RECORD RECITALS. In a direct proceeding to set aside a judgment it may be shown that, in fact, the court had no jurisdiction of the person of defendant, notwithstanding recitals of the judgment to the contrary. Following *Newcomb* v. *Dewey*, 27 Iowa, 381.

*Appeal from Floyd District Court.*

TUESDAY, JUNE 20.

ACTION in equity to cancel and set aside a tax sale and deed, and a decree of court foreclosing the equity of the former owner, to declare said decree null and void and to quiet title in plaintiffs. There was a demurrer to the petition, which was overruled by the court. The defendants stood upon their demurrer, and judgment was rendered as prayed for in the petition. The defendants appeal.

*Starr & Patterson* for the appellants.

*Pratt & Root* for the appellees.

COLE, J. — Counsel for appellants have discussed the sufficiency of the recitals in the judgment rendered by the district court of Floyd county in the tax title foreclosure

proceeding, wherein this defendant, A. T. Skerry, was plaintiff, and the land in controversy was defendant, the proceedings having been commenced in 1859 to foreclose a tax deed made in 1857.

This is a direct proceeding in the same court to set aside and cancel that judgment; and the plaintiffs herein aver that said judgment was rendered by default; *that there was no service, either personally or by publication, of any original notice in said action;* that no copy of said petition, nor of any original notice in said cause, was ever mailed to the owner of said land, and no sufficient excuse shown for not mailing the same, etc., etc. These averments are admitted by the demurrer; and, being true, of course, there was no authority or jurisdiction in the court to render the judgment; and this, regardless of whatever recitals the judgment itself contains. The case is on all-fours, with *Newcomb* v. *Dewey*, 27 Iowa, 381.

In regard to the first and second points made in the argument of appellants, that the petition does not state that defendants claim the land, the sufficient answer is, that no such points are made by the demurrer.

Affirmed.