## De Tar v. Boone County.

1. **Original notice: JURISDICTION.** A judgment by default, rendered on an original notice which is merely defective, is not void for want of jurisdiction. The judgment in such case would be irregular, but the remedy would be by motion to correct in the court wherein it was rendered.

De Tar v. Boone County.

2. —— APPLICATION OF THE RULE. It is accordingly *held*, where the notice in such case notified the defendant that, unless he appeared and defended, before noon of the second day of the *next term* of the district court, default would be entered etc., without further specifying when and where such appearance should be made, that although the notice was defective, it did not have the effect of defeating the jurisdiction.

*Appeal from Boone District Court.*

THURSDAY, JULY 25.

SUIT in equity to enjoin the collection of a judgment rendered in the Boone District Court on the 11th day of September, 1861, in favor of Boone county, for the use of the school fund, against David Hamilton and wife and Theodore De Tar, for $137.57 and costs. An execution was issued on said judgment January 24, 1871, and placed in the sheriff's hands. This action is brought against the county and the sheriff, and the right to enjoin is grounded on the averment of insufficient notice. There was a general demurrer to the petition, which was sustained by the court. The plaintiff appeals.

*Mitchell & Means* for the appellant.

*W. R. Lawrence* for the appellees.

COLE, J. — The original notice which, it is not controverted, was duly and legally served upon the defendant in the action wherein the judgment here sought to be enjoined was rendered, was regular in all respects, except that it notified the defendants that, "unless you appear and defend thereto, on or before noon of the second day of the *next term* of the district court of Boone county, your default will be entered," etc. The petition in this case shows the legal service and this defect.

The demurrer is, because the petition does not state facts sufficient to constitute a cause of action, and states facts which avoid the cause of action.

It has been *held* by this court that, since the taking effect of the Revision, section 2812, it is necessary, in order to comply with the requisites of the statute, to *name* the term. *The Bank, etc.,* v. *Van,* 12 Iowa, 523 ; *Van Vark* .v. *Van Dam,* 14 id. 232. The original notice was therefore defective. But such defective notice did not have the effect of defeating the *jurisdiction* of the court. It made it simply " *irregular* for the court to render judgment by default " thereon. *Decatur County* v. *Clements et al.,* 18 Iowa 536, and authorities there cited ; and such irregularity could only be corrected by motion, in the first instance, to the court committing it. Id., Rev., § 3545; see, also, *Webster* v. *The Cedar Rapids & St. Paul R. Co.,* 27 Iowa, 315.

The difference between a *defective* service of notice and an entire want thereof, is very pointedly stated by WRIGHT, J., in delivering the opinion of this court in *Pratt* v. *The Western Stage Co.,* 27 Iowa, 363 : " The return might be *defective,* but this would be a very different thing from an entire want of service, where the action of the court following would be without jurisdiction and void. Before granting the default it was the duty of the court to determine, from an inspection of the record, that notice had been given, as required by the statute, section 3149. The determination in this instance may have been *erroneous,* and yet the judgment would not for that reason be void, for there was a service. If a service, then it was defendants' duty to seek his remedy against the alleged irregularity by motion in the district court, before coming into this court." Substitute the word "notice" for the word "service," and we have this case. And, it will be remembered, that this language was used and applied to a case upon appeal, where greater liberality would be allowed

De Tar v. Boone County.

toward a party injuriously affected by such defect of notice or service, than in an attack upon the judgment by an independent proceeding, near ten years after its rendition, as in this case. See, also, *Cooper* v. *Sunderland*, 3 Iowa, 114; *Morrow* v. *Weed*, 4 id. 77; *Bonsall* v. *Isett*, 14 id. 309. And, as recognizing the difference between *defective* service and *no* service, see *Newcomb* v. *Dewey*, 27 Iowa, 381. The case of *Kitsmiller* v. *Kitchen*, 24 id. 163, is not in conflict with these cases. There, the "original notice did not notify the defendants therein *when* or *where* they were required to appear, or what would be the consequences of their failure to appear, or other matter." * * * It simply contained a statement of the contents of the petition, and was signed by counsel; but it did not notify the defendants in *what court* they were to appear, nor that they were to appear in *any court* for *any purpose*. It was a case of no notice, within the meaning of the words "original notice," as used in the statute, and the case therefore falls within the principle of *Newcomb* v. *Dewey*, *supra*.

The original notice in the case, wherein the judgment sought to be enjoined was rendered, was defective, and the court erred in holding it sufficient; but such defect or error did not defeat the court of its jurisdiction or rob it of its power to decide. The error might have been corrected in the manner and within the time prescribed by the statute; but not by injunction, and after the lapse of nearly ten years, as is sought to be done by this proceeding. The petition is also vulnerable to the further objection that it does not controvert other legal notice, or show that the judgment is not just and proper, or that the plaintiff does not owe it. *Suiter* v. *Turner*, 10 Iowa, 518; *Taggart* v. *Wood*, 20 id. 236; *Coon* v. *Jones*, 10 id. 131, and other cases cited by appellee's counsel.

Affirmed.