BRIDGES v. ARNOLD *et al.*

1. **Justice of the peace:** FAILURE TO ENTER SERVICE OF NOTICE. The failure of a justice of the peace to note in his docket the return of process issued, or service of notice on the defendant, does not affect the jurisdiction of the justice or the validity of the judgment. The statute requiring such entry (Rev., § 3857) is merely directory.

2. **Service and return:** PAROL EVIDENCE. Where the original notice, with the officer's return, is lost or destroyed, parol evidence is admissible to prove the fact of service and the return thereof.

*Appeal from Story District Court.*

THURSDAY, OCTOBER 9.

ACTION to quiet title to real estate. Decree for defendants. Plaintiff appeals. The facts appear in the opinion.

*J. S. Frazier* for the appellant.

*F. D. Thompson* and *John A. McCall* for the appellees.

MILLER, J.— The plaintiff claims title to the land in controversy by a conveyance from Rufus Linder, dated March 23, 1859, which was duly acknowledged and filed for record on the same day.

1. JUSTICE OF THE PEACE.

The petition alleges that the defendants make claim of title to said premises, based upon certain sheriff's deeds thereto,

which were made in pursuance of sales thereof by the sheriff on two several executions issued upon judgments against plaintiff's grantor, one rendered on the 22d day of November, 1858, before a justice of the peace of Story county, in favor of Lancelot Car, a transcript of which was filed in the district court, from which the execution issued April 28, 1859. The other judgment, it is averred, was obtained against Linder on the 19th day of April, 1859, in the district court of Story county in favor of the defendant Arnold.

It is averred that the first judgment was invalid, for the reason that the justice never acquired jurisdiction of the defendant Linder, no notice of the action having been served upon him. And it is alleged that the second judgment was rendered after Linder had conveyed the land to plaintiff. It is claimed, therefore, that the sales of the land on execution on the judgments, by the sheriff, and the deeds made in pursuance thereof, conferred no title on the purchasers. The court is asked to so declare and quiet plaintiff's title to the land.

On the other hand, it is claimed by the defendants that the legal title to the land is vested in them under said sheriff's deeds, and they ask to have the title thereto quieted in them.

In the view we take of the case, it will only be necessary to inquire into the validity of the judgment rendered before the justice against plaintiff's grantor, November 22, 1858. This judgment, if valid, became a lien on the land in controversy at that date, a transcript having been filed in the clerk's office of the district court. Rev., §§ 3909, 3910, 4105. This was four months prior to plaintiff's purchase from Linder. He purchased subject to the lien of the judgment, and the sheriff's sale made upon and in virtue of this judgment, and his deed in pursuance of the sale vested the title to the land in the sheriff's grantee, unless it be found that the judgment was void for want of jurisdiction over the person of Linder, the defendant therein.

The transcript of the justice as the same was originally filed in the clerk's office, showed the issuance of an original notice November 15, 1858, returnable on the 22d of the same month,

delivered J. D. Ferner, for service, but failed to show the return or service of the notice. It was proved, however, on the trial by the constable Ferner that he made due personal service of the original notice on the defendant Linder and returned the notice to the justice.

Appellant's counsel claim:

*First.* That the failure of the justice's transcript to recite the service of the notice rendered the judgment absolutely void.

*Second.* That the fact of service cannot be proved by the oral testimony of the constable.

The third clause of section 3857, which directs that the justice shall enter in his docket, "the issuing of process and return thereof," is directory to the justice merely, and his failure to enter the return of process will not prejudice either party. *Houston* v. *Walcott & Co.*, 1 Iowa, 86. It is not the entry of the return of the notice that confers jurisdiction, but it is the fact of service that gives jurisdiction. *Newcomb* v. *Dewey*, 27 Iowa, 381.

The best evidence of this fact is the original notice with the officer's return thereon showing due and legal service, but if 2. SERVICE AND this cannot be had because of the loss or de-RETURN. struction of the original notice, secondary evidence thereof becomes admissible. The testimony of the officer who made the service is competent in such case to prove the fact of service and the return of the notice. Parol evidence has even been held competent, in a direct proceeding, to show the fact that the court had no jurisdiction of the person of the defendant notwithstanding the record recited that he was "duly and legally served with notice," etc. *Newcomb* v. *Dewey, supra; Stone* v. *Skerry*, 31 Iowa, 582. It is most clearly admissible in this case as secondary evidence. 1 Greenl. on Ev., § 509, and cases cited in notes.

The proof, therefore, shows that the justice had jurisdiction of the person of Linder and had authority to render judgment against him. The judgment thus rendered was valid and the sheriff's sale and deed passed the title of the land to the defendant Arnold, the sheriff's grantee. This sale was made

prior to the conveyance of the land by Linder to the plaintiff. The deed of the sheriff, made in pursuance of the sale, related back to the date of the sale, and divested Linder's title to the land as of that date. His deed to the plaintiff, therefore, passed no title or right in the land except the right to redeem from the sale, which was not done.

It becomes unnecessary to inquire what right or title the defendants acquired under the judgment of *Arnold* v. *Linder*, since we hold the defendant's title to the land to be good under the first sheriff's sale.

Affirmed.