## LOWE v. LOWE.

1. **Practice:** INSTRUCTIONS: NEW TRIAL. That certain instructions, the giving of which the court afterwards held to be erroneous and therefore granted a new trial, were again given upon the second trial at appellant's request, does not constitute error to his prejudice.

2. ———: ONUS PROBANDI: WHO HAS THE AFFIRMATIVE. In an action upon a judgment admitted by the pleadings but alleged to have been rendered without jurisdiction, the *onus* is upon the defendant and he has the affirmative of the issue.

3. **Evidence:** LEADING QUESTIONS: WHEN ADMISSIBLE. Questions leading in form, intended to direct the attention of the witness to the subject matter of his testimony, are competent.

4. **Jurisdiction:** JUDGMENT RENDERED IN ANOTHER STATE. In an action upon a judgment rendered in another state, the jurisdiction of the court rendering it may be the subject of inquiry.

5. **Practice:** EVIDENCE: NOTES OF REPORTER. The short-hand reporter's notes of evidence and his transcript thereof must be made a part of the record, the former after the examination is completed, and the latter at the request of either party, before they can be referred to as such and incorporated into the bill of exceptions.

*Appeal from Pottawattamie Circuit Court.*

THURSDAY, MARCH 18.

ACTION upon a judgment rendered in the Circuit Court of Decatur county, Indiana. There was a verdict and judgment for defendant. Plaintiff appeals. The facts of the case appear in the opinion.

*Sapp, Lyman & Hanna,* for appellant.

*Clinton, Hart & Brewer,* for appellee.

BECK, J.—I. Upon a former trial a verdict for plaintiff was set aside on the ground of incorrect instructions to the

1. PRACTICE: instructions: new trial.

jury. Under the issues in the case the question was before the jury whether the court rendering the judgment, had acquired jurisdiction of the defendant's person by the service of process, and there was evidence sub-

Lowe v. Lowe.

mitted by the respective parties upon this point. There was also evidence tending to prove that the defendant had appeared in the cause by attorneys, who, before judgment, had withdrawn their appearance. The court directed the jury that if defendant employed attorneys who appeared for him jurisdiction was acquired. Upon the motion for a new trial the court held this instruction to be erroneous, and ruled that the withdrawal of the appearance of defendant's attorneys would defeat the jurisdiction acquired by virtue of that appearance. Upon the second trial, the issues remaining unchanged, the court, it is insisted, gave substantially the same instruction held, upon the motion to set aside the first verdict, to be erroneous. It is insisted plaintiff was prejudiced upon the second trial by these conflicting rulings, inasmuch as he was thereby misled in the preparation of the cause for trial. He failed to produce evidence of the employment of the attorneys because he regarded the law settled by the court in the first trial, to the effect that their withdrawal from the case, (which it appears he could not controvert,) defeated the jurisdiction of the court. He claims, also, that by the second trial defend-ant had the opportunity given him to strengthen his evidence upon divers points of the case.

We need but intimate that we cannot now correct any errors that may have been committed by the court in setting aside the first verdict. When that order was made the parties were left free to prepare the case for a new trial, in accord with their views of the law. If the court ruled correctly at the second trial it cannot be considered as a ground for surprise to either party. The record affords conclusive evidence that plaintiff was not surprised at the alleged change in the ruling upon the instruction, and that he still adhered to the view of the law as announced in the instruction at the first trial. The instructions at the second trial as to the effect of the appearance were given upon the request of the plaintiff. Entertaining this view of the law, he must have prepared his case accordingly. The fact that defendant had an opportunity, by the second trial to strengthen his evidence, is not a ground upon which plaintiff can claim prejudice. He had the oppor-

tunity to do the same thing. Common prudence and diligence would require it, if it could be done properly, of both parties.

II. The court held at the trial that the defendant had the affirmative of the issues and was entitled, in the introduction of evidence and argument of the case, to the opening and closing. This ruling is the ground of the next objection made by plaintiff.

2. ——: onus probandi: who has the affirmative.

The answer of defendant which formed the final issues upon which the case was tried, admitted the record upon which the action was brought, but, in avoidance, alleged that the court had no jurisdiction because no process was served on defendant, and he did not appear nor authorize any one to appear for him. In this state of the pleading it is very plain defendant held the affirmative of the issues. If no evidence at all had been offered, plaintiff would have been entitled to judgment upon the pleading. The burden of proof was, therefore, upon defendant, and he was required to first produce his evidence, and he also held the affirmative in the argument. Code, § 2779.

III. Objections are made to certain rulings excluding evidence offered by plaintiff. They may be briefly disposed of:

1. The plaintiff, in response to a question in regard to defendant's employment of attorneys, stated that certain attorneys had informed him that they were retained in the case by defendant. This is but hearsay evidence, and was rightly excluded.

2. The evidence of plaintiff to the effect that an attorney did appear in the case, and a statement in a deposition of the attorney of the same fact, were excluded. We see no objection to this evidence. But we are well satisfied that no prejudice resulted from its exclusion. The attorney's deposition was permitted to be read to the jury, and clearly states his appearance. The record upon which the action was brought states the same fact. In our judgment the fact was established beyond question by the evidence before the jury.

3. Certain questions put to defendant were objected to

Lowe v. Lowe.

because they were leading in character. The objections were
overruled. We do not think the discretion of
the court was abused in permitting the party to
respond to the questions. While leading in form, they were
justified by the consideration that they were thus necessarily
framed to direct the attention of the witness to the subject
upon which he was required to testify.

*3. EVIDENCE: leading questions.*

4. Certain interrogatories, upon the cross-examination of
defendant, he was not permitted to answer, on the ground that
no foundation was found for the evidence sought in the testi-
mony elicited by the examination in chief. There was no
error in this ruling.

5. A statement as to the place of residence of defendant
when the action was commenced was stricken from the depo-
sition of a witness. His cross-examination revealed that he
had no personal knowledge of the fact, and his statement was
based upon information derived from others. The evidence
was properly excluded.

IV. The record upon which the action was founded con-
tained the process issued in the case, and a sufficient return
showing service thereof in accordance with the
laws of the state of Indiana. The plaintiff, at
the trial, maintained that this record could not be
impeached or contradicted by evidence showing that, in fact,
no service was ever made upon defendant. The question was
raised upon the offer of evidence to contradict the record, and
upon instructions asked by the parties. The court held
against plaintiff, and admitted such evidence, and directed the
jury to determine the question whether service of the process
was in fact made as set out in the record. We are required
to determine the question of law thus raised, which may be
stated as follows: In an action upon the judgment of a sister
state may want of jurisdiction in the court rendering it, be
shown by evidence contradicting the record recital of service
of process?

*4. JURISDIC-TION: judg-ment render-ed in another state.*

It is now the prevailing rule that in actions upon the judg-
ments of a sister state, want of jurisdiction may be shown in
the court by proof contradicting the recitals or adjudications

set out in the record. This court has held that in an action upon a Missouri judgment, which recited an adjudication that due service of process had been made, it was competent for the defendant to contradict the record by proof, showing want of service. *Pollard v. Baldwin*, 22 Iowa, 328. Surely, if the adjudication of the court to the effect that service was had upon the defendant may be contradicted, the return of the officer, which appears in the record, may be, in the same manner, assailed. There can be no greater verity in the simple certificate of a ministerial officer than the solemn adjudication of a court of record.

This court has gone a step further and decided, though with doubt and hesitancy on my part, that a recital in a judgment of a justice of the peace of this State, showing service of process may be contradicted in an action upon such judgment. *Sallady v. Bainhill*, 29 Iowa, 555. It will be remembered that in this State the same presumptions support the proceedings of an inferior court that do those of a court of superior jurisdiction.

The doctrine of *Pollard v. Baldwin*, it is believed, is supported by the current of authorities in other states and by the United States Supreme Court. The question has been recently passed upon in the last named court, and it is held that a judgment of a state court may be collaterally assailed in the court of another state and shown to have been rendered without jurisdiction, against the recital of an adjudication contained in the record. *Thompson v. Whitman*, 18 Wal., 457. If it may be so assailed in a collateral proceeding, it cannot be questioned that the same rule would apply to a direct proceeding. And, therefore, if an action upon a judgment be a direct proceeding, as it is sometimes called, it is within the rule.

The action we recognize, supported as it is by by a decision of this court and the United States Supreme Court, demands no further discussion or citation of authorities in its support. The court, in the rulings upon evidence and in the instructions, correctly held that the record showing service of process upon defendant could be impeached, and that it was

competent to prove that no service was in fact made upon defendant.

V. It is, lastly, insisted by plaintiff that the verdict of the jury is not supported by the evidence. He argues that the evidence contradicting the record is not sufficient to overcome the recitals of service of process found therein.

In our opinion, the evidence is not so incorporated in the record of the case that we are authorized to consider it. The bill of exceptions refers simply to the evidence as taken by the short-hand reporter. After stating that witnesses were sworn and testified, it directs the insertion of their testimony " as taken by the reporter." But neither the notes of the reporter, nor his transcript of the interpretation thereof, were at any time filed in the court. The notes, or short-hand report, seem to have been retained by the reporter, and a copy of them furnished plaintiff's attorney, from which the abstract was prepared. The evidence, then, was in no manner made a part of the record. The mere reference to it in the bill of exceptions does not have that effect. It is certainly not competent for the court, by reference to matters not of record, to leave it in the power of the party taking the bill of exceptions to insert in it matters not of record, nor on the files of the court. Great abuses would result from such a practice, and a moment of thought will satisfy the experienced practitioner at the bar of the numberless ill effects that would flow from it.

Both the notes of the reporter, or his short-hand report of the evidence, as soon as the examination is completed, and his transcript or interpretation thereof, when it is made out at the request of either party, must be made records of the court before they can be in any manner recognized as such. They should, at the time indicated above, be filed in the case and open to the inspection of both parties and to the world. When this is done they become part of the record, and may be referred to as such. In that case a reference to the transcript, as is done in the bill of exceptions before us, would be sufficient to authorize the clerk to copy it in its proper place in a transcript to be sent here, or would authorize counsel to

*5. PRACTICE: evidence: notes of reporter.*

abstract it as evidence.   Unless this requirement be complied with, these papers and their contents cannot be regarded as a part of the record.

We repeat, that we may not be misunderstood; the short-hand writer's stenographic or phonographic report, as well as his transcript, or interpretation thereof, must be filed as a part of the records of the case, the first at the close of the examination, the second, when prepared at the request of either party. The short-hand report is the original, the transcript is to be regarded as a copy to be used because the other cannot be read by all.   Questions as to the accuracy of the transcript may arise, and the original should be accessible in order for their correct determination.   But a still stronger reason for the filing of the short-hand report is found in the fact just stated, namely, it is the original, the transcript but a copy, and the further fact that it is a paper pertaining to the administration of the law in the courts, and its proper place of custody is the archives of the court itself.   Code, § 181.

No error appearing in the judgment of the court, it is

AFFIRMED.