## GAYLORD v. TAFT.

PRACTICE IN THE SUPREME COURT: TRIAL DE NOVO: RECORD.

*Appeal from Cass District Court.*

TUESDAY, APRIL 27.

ACTION in chancery. There was a decree entered at the hearing granting the relief claimed by plaintiff. Defendant appeals. The facts of the case appear in the opinion.

*H. G. Curtis* and *J. R. Morris*, for appellant.

*John W. Scott*, for appellee.

BECK, J.—The petition and amended petition allege that plaintiff's intestate contracted certain debts in his life time, which have been duly allowed as claims against his estate; that he conveyed certain property to his daughter, the defendant Anna E. Taft, in consideration of an agreement on her part to support the intestate and his wife, and to pay his debts from the proceeds of the property, and that defendant has conveyed the property to Cora A. Nash, receiving in payment therefor certain promissory notes secured by a mortgage, which defendant Bacon holds under some agreement in relation to the collection thereof.

The relief asked is that the agreement of defendant Taft to pay the debts of intestate be enforced, and if the conveyance executed by decedent be held valid, and it be found that defendant Nash holds the title of the land, that defendant Taft be required to specifically perform her agreement to pay the debts of the estate, and be compelled to turn over to plaintiff sufficient of the notes received by her for the property sold to Nash for that purpose. There is a general prayer for full and complete relief. The court in the decree found that plaintiff is entitled to the proceeds of the property sold by Taft to Nash, upon the agreement of Taft under which the property was conveyed to her, and ordered accordingly, requiring Bacon and Taft to deliver the notes to plaintiff. Certain allegations of the pleadings and provisions of the decree in regard to the correction of a misdescription of the property in the deed to Taft need not be set out. The cause was tried to the court upon oral testimony. An amended abstract shows that the evidence does not remain in the court below, that no transcript or translation of the notes of the short-hand reporter was ever filed in the Circuit Court, and that the evidence appears in no other form than in that of the short-hand reporter's notes. This allegation of the amended abstract is not denied; it must be taken as true. The evidence is, therefore, not before us. Surely we cannot be expected to try cases *de novo* upon testimony not of record in the court below. It cannot be of record until the transcript or translation of the short-hand reporter is filed. See *Lowe v. Lowe*, 40 Iowa, 220. We have followed this case in frequent decisions. We cannot, therefore, consider the case upon defendant's abstract. As the relief granted in the decree acords with the pleadings, there is no ground for disturbing the decree of the court below. It must, therefore, be

ABBREVIATED AFFIRMED.