Jones v. Terry.

562; *Citizens St. Railway v. Steem,* 42 *Ib.,* 321 ; *L. R. & Ft Sm. R. R. v. Turner,* 41 *Ib.,* 161.

We find no reversible error.

Affirm.

## JONES v. TERRY.

1. PLEADING : *Demurrer abandoned by pleading over.*

   The civil code does not change the rule that by pleading over after .demurrer overruled, the party abandons his grounds of demurrer.

2. SAME : *To an action on a judgment.*

   Nothing can be pleaded to an action on a judgment that could have been litigated in the original action, except the question of jurisdiction of the court rendering the judgment. All other matters are merged in the judgment.

3. SAME : *Same. Evidence.*

   In an action upon a Justice's judgment the defendant may show in contradiction of the recitals of the judgment, that he was not served with process, nor appeared to the action, and that the judgment is therefore void for want of jurisdiction. Recitals of their jurisdiction either of the matter in controversy, or over the parties to the action, are only *prima facie* evidence, and may be disproved.

4. SAME : *The complaint on a J. P's. judgment.*

   The complaint on a judgment of a court of special jurisdiction must allege that the court had jurisdiction of the subject matter and the person of the defendant, or that the judgment was duly given or rendered.

APPEAL from *Drew* Circuit Court.

Hon. J. M. BRADLEY Circuit Judge.

*J. G. Taylor* for appellant.

Jones v. Terry.

The transcript of the proceedings in the Justice's Court shows no valid judgment in favor of J. S. Terry against defendant.

*Wells & Williamson* for appellee.

1.   Judgments of Justice's are tested by their substance rather than their form.   *Freeman on Judg.* Sec.47-53, 53 *a &c.*, 55 *and note*.   The form of the docket entry is sufficient.

2.   Defendant does not allege that he was *not* duly summonsed, nor does he allege that the judgment was rendered without notice or fraudulently.   *Gantt's Dig. Sec's.* 4738-9; *Wait's Actions and Defences p.* 805-6-11.

3.   The record shows jurisdiction of both person and subject matter, and as the record imports verity ( fraud excepted ) the courts presume in favor of jurisdiction.   *Black. Com. Book* 3, * *p.* 24; *Freeman on Judg. Sec.* 125.

4.   The plea of limitation was bad as to the *debt*, which was merged in the judgment.   So the plea of payment; as it was a plea of payment of the *debt*, and not of the judgment. He should have pleaded this in the Justice Court.   19 *Ark.*, 420.

SMITH, J.   This was an action upon a judgment which, as the plaintiff alleges, he had recovered against the defendant on the first day of September, 1877, for $185.44, upon a promissory note, before a Justice of the Peace of Drew County; more than five years having since elapsed, which prevented the issue of execution.

A demurrer to the complaint was overruled; but as the defendant pleaded over, he abandoned his ground of demurrer. The cases decided upon this point by this court are collected in *Rose's Digest pp.* 270-1.   And the rule has not been changed by the Code.   *Bliss on Code Pleading Sec.* 417.

1. Pleading over waives demurrer.

The answer in effect denies that the Justice had ever acquired jurisdiction over the defendant's person, and pleads

Jones v. Terry.

the statute of limitations and payment in bar of the plaintiff's debt. To this answer a demurrer was sustained; and the defendant declining to plead further, final judgment was rendered against him.

2. PLEADING: To action on a judgment. The last two pleas are obviously bad. The defendant was not sued for the original debt. That was merged in the judgment, if there has been a valid one. And all matters which might have been litigated before the Justice, save only the question of jurisdiction, are concluded by that judgment, *Ellis v. Clark*, 19 *Ark.*, 420 ; *Peel v. January*, 35 *Id.* 331 *and cases cited* ; *Morris v. Curry* 41 *Id.* 75.

3 SAME: Evidence: Jurisdiction may be disproved. But it may be shown by extrinsic evidence, in the face of a recital in the judgment that the defendant was served with process or appeared to the action, that in fact he had no notice and that the judgment is therefore void for want of jurisdiction. Justices of the Peace have no unimpeachable memorial of their transactions. Any statement in relation to jurisdiction found in their minutes is only *prima facie* evidence; in opposition to which it may be shown by any satisfactory means of proof, that the authority of the court did not extend over the matter in controversy, nor over the parties to the action. *Freeman on Judgments Sec.* 517 ; 1 *Rob. Practice* 220 ; *Salladay v. Bainhill*, 29 *Iowa* 555 ; *Clark v. Holmes*, 1 *Day (Mich.)* 390 ; *People v. Cassels*, 5 *Hill*, 164 ; *Barber v. Winslow*, 12 *Wend.* 102.

As the cause must be remanded for further proceedings, we call attention to a defective statement in the complaint of the cause of action. In pleading the judgment of a court of special jurisdiction, it was necessary at common law to allege that the court had jurisdiction of the subject matter and of the defendant's person. The Code has changed this rule. Instead of stating the facts which conferred jurisdiction, it is now only necessary to say that the judgment was duly given or made. This is equivalent to an averment that

the court had jurisdiction and that the judgment was in all respects lawfully and regularly obtained. *Ganst's Dig. Sec.* 4603; *Hunt v. Dutcher*, 13 *How. Pr. R.* 538.

The present complaint conforms neither to the old system of pleading, nor to the Code. It does not allege the service of process upon the defendant or his appearance before the Justice; nor that the judgment was duly given or made.

Reversed with directions to overrule the demurrer to the defendant's plea setting up a want of jurisdiction of his person, and to give both parties leave to reform their pleadings.