## NEWCOMB *v.* IMPERIAL LIFE INS. CO.

(*Circuit Court, E. D. Missouri, E. D.* September 9, 1892.)

**1. INSURANCE AGENT—WRONGFUL TERMINATION OF AGENCY—CONTRACT.**

Plaintiff was appointed general agent of a life insurance company, to solicit insurance on the "natural premium plan," as distinguished from "the level premium plan." He was to receive as compensation a certain commission on all first and renewal premiums collected on policies issued under the contract. The company agreed, in case of a discontinuance of the agency for any cause except dishonesty, after plaintiff had secured a certain amount of insurance in force, to collect the premiums possible, and pay to plaintiff a certain per cent. of the renewal commissions collected for a period of five years. The contract provided that the company could terminate the contract "upon the neglect or refusal of the agent to account for all moneys belonging to the company, or for dishonesty," or for noncompliance with certain rules and instructions. The company abandoned the "natural premium plan" without plaintiff's consent, and refused to allow him to solicit risks according to such plan. *Held,* that this action constituted a wrongful termination of the agency.

**2. SAME—BREACH OF CONTRACT.**

After thus terminating the agency, the company endeavored to induce persons whom plaintiff had insured on the "natural premium plan" to change their policies for "level premium policies." *Held* that, even conceding that the agency was not wrongfully terminated, this action constituted a violation of the company's engagement to collect renewal premiums and pay plaintiff a percentage thereof.

**3. SAME—ABANDONMENT OF AGENCY.**

When a person agrees to act as agent for a life insurance company, for a stated commission to be paid on premiums collected, he cannot abandon the agency at any time, without cause, and sue the company as upon *quantum meruit.*

**4. PLEADING—CONTRACT—QUANTUM MERUIT.**

In an action by a general insurance agent against his principal for services rendered under an express contract, which was wrongfully terminated by the principal, when all the facts are stated in the complaint entitling plaintiff to recover damages as for the violation of the express covenant, a general demurrer will not be sustained, even though plaintiff has asked to have his damages assessed as upon a *quantum meruit.*

At Law. On demurrer to complaint. Overruled.

This was a suit brought by a general agent of a life insurance company against his principal to recover compensation for four years' services, and for certain outlays and expenditures while conducting the agency, the whole claim amounting to $11,466.66. The plaintiff asked judgment for the reasonable value of his services during the period in question, although it appeared from the complaint that the services had

been rendered under a contract existing between the parties, which provided that the plaintiff should receive as compensation for his services as agent a certain commission on all first and renewal premiums that might be collected on all policies issued under the contract. The defendant demurred generally to the complaint, on the ground that it did not state a cause of action. The terms of the contract and the allegations of the complaint are sufficiently stated in the opinion.

*Hiram J. Grover*, for plaintiff.

*Charles Nagel*, for defendant.

THAYER, District Judge. 1. It cannot be admitted to be a sound proposition of law that in every case where a person engages to render services for another for a stipulated time and price, he may at any stage of the work undertaken abandon it without legal excuse, and sue his employer upon a *quantum meruit* for the services actually rendered, leaving his employer to offset against a recovery such damages as he may have sustained by the nonfulfillment of the contract. In the leading case of *Britton* v. *Turner*, 6 N. H. 494, that rule was applied to an ordinary hiring contract. It has also been applied to contracts to furnish labor and materials where the labor and materials furnished were of value to the employer, and had been accepted. *Yeats* v. *Ballentine*, 56 Mo. 530; *Eyerman* v. *Association*, 61 Mo. 489; 2 Pars. Cont. pt. 11, § 5. See, also, Bish. Cont. §§ 1442, 1444, 1445, and citations. But the rule in question is necessarily subject to some limitations, and is not of universal application to contracts of all descriptions. For example, where a person agrees to act as agent and solicitor for a life insurance company for a stated commission to be paid on premiums collected, he cannot abandon the agency at any time without cause, and sue the company upon a *quantum valebat* for services rendered; and it goes without saying that an agent working under such a contract cannot sue his principal upon a *quantum valebat* for services rendered, if the agency is lawfully terminated by the principal, in pursuance of a power reserved in the contract so to terminate it.

The present suit having been brought by the plaintiff upon a *quantum valebat* to recover the reasonable value of services rendered during a period of years while he was acting as agent and solicitor of the defendant for an agreed commission to be paid on premiums, the court holds, contrary to the contention of counsel, that to maintain such an action it is necessary that the complaint should show either that the agency was wrongfully terminated by the defendant, or that the defendant has in some respect violated the agency contract.

The first question to be considered, therefore, is whether the complaint does show that the agency was wrongfully discontinued, or that the contract between the parties was broken by the defendant. It is averred in the complaint, in substance, that the plaintiff was appointed agent of the defendant company to solicit insurance in a certain territory on what is termed "the natural premium plan of insurance;" that the contract between the parties contemplated that the plaintiff should

solicit policies based upon the "natural premium plan," as distinguished from "the level premium plan;" and that that mode of insurance affords an agent or solicitor greater facilities for securing risks than the ordinary methods of insurance in vogue among life companies.    It is further averred, in substance, that on or about the 14th day of April, 1891, while the agency contract was in force, the defendant company ceased to do business on "the natural premium plan," and refused to permit the plaintiff to solicit risks on that plan.    It must be held, without doubt, that if the plaintiff was appointed an agent of the defendant company to solicit risks according to one method of insurance, and the company subsequently abandoned that mode of transacting its business without his consent, and refused to permit the plaintiff to solicit risks according to such method or plan, then it, in effect, terminated the agency, and the act of the company in so doing was wrongful, unless, by the provisions of the contract existing between the parties, the company had reserved to itself the power of terminating the agency whenever it thought proper.    Whether it had such power involves a brief reference to the agency contract.    That agreement is not set out in full in the complaint, but a copy is attached thereto, and the court has deemed it advisable, in disposing of the particular question now under consideration, to treat the instrument as fully incorporated into the complaint.    By the terms of the contract the plaintiff was appointed general agent of the defendant company for the city and county of St. Louis, but the duration of the agency was not explicitly stated.    It was provided that he should receive, as compensation for his services as agent, a certain commission on all first premiums paid on policies issued under the contract, as well as a certain commission on all renewal premiums subsequently paid. There were many other provisions in the agreement defining the agent's powers and duties, and prescribing the manner in which the business of the agency should be transacted, but the only other provisions to which particular reference need be made are the following:

"(17) The company hereby agrees, in case of discontinuance of this agency (for any cause except dishonesty) at any time after the said Newcomb shall have $300,000 of insurance in force, to collect the premiums possible, and to pay to him, or his legal representatives, quarter-yearly, the sum of 80% of the renewal commissions collected on all unexpired renewals on the several forms of policies herein named, as provided for in this contract, for a period of five years from the time of such discontinuance; but he shall have no such renewal interest, unless he shall have procured at least $300,000 of insurance, which shall be in force at the time of such discontinuance.

"(18) This contract may be terminated upon the neglect or refusal of the said Newcomb to account for all moneys belonging to the company according to rule 7, or for dishonesty, or for noncompliance with any of the foregoing rules and instructions."

In view of these provisions of the contract, and in view of the fact that the plaintiff was to be compensated for his services by a commission on renewal premiums, and therefore had a vital interest in the continuance of the agency, the court concludes that it was not competent for the defendant company to terminate the agency at its mere pleasure.

If it was the intention of the parties that the defendant might terminate the agency at will, and in that event should only be bound to pay the plaintiff a renewal commission for the period of five years, as specified in the seventeenth clause of the contract, then there was no occasion for the insertion of the eighteenth paragraph of the agreement, which enumerates the causes which would justify a revocation of the agency. As the parties have themselves stated what shall be deemed a sufficient cause for terminating the agency, an implication arises that it can only be lawfully terminated for one of the specified causes, or by mutual consent. The seventeenth clause of the contract evidently means that the renewal commission shall be paid for the period of five years after the discontinuance of the agency if discontinued for any of the specified causes other than dishonesty. It was not intended, as the court thinks, to fix the measure of damages or compensation in case the agency was terminated by the defendant company at its pleasure, and without the existence of any of the enumerated causes.

It follows, therefore, that the complaint shows that the agency in question was wrongfully discontinued, and the demurrer is not well taken, in so far as it assumes that the defendant has merely exercised a right to terminate the agency, which was reserved to it by the terms of the contract.

2. The court is furthermore of the opinion that a general demurrer to the complaint, such as has been filed, is not tenable, even though the court has erred in the conclusion last announced, that the agency was wrongfully terminated by the defendant company. By the seventeenth paragraph of the contract it will be observed that the company agreed, in case of a discontinuance of the agency for any cause except dishonesty, after the plaintiff had secured $300,000 of insurance in force, to collect the premiums possible, and to pay to the plaintiff 80 per cent. of the renewal commissions provided for in the contract for the period of five years. This covenant must be held to imply that the company would make reasonable efforts to induce parties who had become insured through plaintiff's solicitation to renew their policies, and that it would also make reasonable efforts to collect the renewal premiums in which the plaintiff had an interest. At all events, the defendant had no right to interpose obstacles in the way of the renewal of such policies. But the complaint avers, in substance, that, after discontinuing the agency in the manner before indicated, the defendant, in violation of its agreement, entered upon a scheme, the purpose of which was to induce persons whom plaintiff had insured on the "natural premium plan" to give up and abandon their policies. The details of this scheme, and the acts done in furtherance of the same, to get rid of all policies issued on the "natural premium plan," are fully stated in the complaint.

The court concludes that this portion of the pleading shows a violation of the agreement such as would entitle the plaintiff to recover damages in some amount, even though it be conceded that, under the contract, the defendant company had the right to terminate the agency at

its pleasure. The question does not arise upon this demurrer whether, for a breach of the contract such as is last described, an action should be brought upon the contract, or whether for such breach the contract may be abandoned, and a recovery had upon a *quantum valebat.* The facts are stated with sufficient fullness in the present complaint to sustain a judgment for damages, treating the action as a suit upon the contract, even if a suit upon a *quantum valebat* cannot be maintained; and, when all the facts are stated in a complaint entitling a plaintiff to recover damages as for the violation of an express covenant, a general demurrer will not be sustained, even though the plaintiff has asked to have his damages assessed as upon a *quantum valebat.*

The demurrer to the complaint must accordingly be overruled, and it is so ordered.