IMPERIAL LIFE INS. CO. v. NEWCOMB. [1]

NEWCOMB v. IMPERIAL LIFE INS. CO.

(Circuit Court of Appeals, Eighth Circuit.    May 7, 1894.)

Nos. 343 and 369.

APPEAL—OBJECTIONS NOT RAISED BELOW—TRIAL BY REFEREE.

On writ of error to review a judgment entered on a referee's report in an action at law, where there is no written stipulation waiving a jury, and nothing showing a reference under the state statute, and where there is no bill of exceptions, and no specific exception was taken to the overruling of exceptions to the referee's report, or to the judgment thereon at the time it was entered, although these rulings were assigned as grounds of a motion for a new trial, no question is presented for review.

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

This was an action by Charles M. Newcomb against the Imperial Life Insurance Company for services and expenses. A demurrer to the complaint was overruled. 51 Fed. 725. On trial before a referee, he reported in favor of plaintiff. Exceptions to the report were overruled, and judgment for plaintiff was entered thereon. Both parties brought error.

Hiram J. Grover, for plaintiff, Newcomb.

Charles Nagel and Charles W. Bates, for defendant, Imperial Life Ins. Co.

Before CALDWELL and SANBORN, Circuit Judges.

CALDWELL, Circuit Judge.    The defendant in error brought suit in the circuit court of the United States for the eastern district of Missouri, against the plaintiff in error, to recover $11,466.66 upon a quantum meruit for his services and expenses while acting as an insurance agent for the plaintiff in error.

The contract between the parties was evidenced by three written agreements, which the plaintiff below averred the defendant had wrongfully terminated. A general demurrer to the complaint was overruled, and thereupon the defendant answered the merits, and the plaintiff filed a reply. We think the demurrer to the complaint was properly overruled, for the reasons stated in the opinion of the circuit court. Newcomb v. Insurance Co., 51 Fed. 725. Moreover it is the settled doctrine of the supreme court that filing a plea to the merits after the demurrer is overruled is a waiver of the demurrer. Stanton v. Embrey, 93 U. S. 548; Campbell v. Wilcox, 10 Wall. 421; Railroad Co. v. Washington, 4 U. S. App. 121, 1 C. C. A. 286, and 49 Fed. 347; Jones v. Terry, 43 Ark. 230.

In the view we take of the case, the contracts between the parties and the facts in the case, so far as they are disclosed by the record, need not be further noticed. The cause being at issue, the court made the following order:

"Now comes the defendant, by attorney, and moves the court for an order of reference of this cause, upon consideration whereof it is ordered that said motion be, and the same is hereby, sustained, and that this cause be referred to a referee to hear and determine all of the issues therein."

[1] A motion for rehearing in this case denied September 10, 1894. See 63 Fed. ——.

The referee heard the case, and made a report recommending that a judgment be rendered in favor of plaintiff, and against the defendant, for the sum of $3,585.67; and judgment was rendered accordingly, and both parties have brought error. Exceptions were filed by both parties to the referee's report, which the record shows were disposed of as follows:

"And thereupon, on the 18th day of April, 1893, the court overruled each and all of said exceptions, and approved said report, and rendered judgment as in said report recommended; whereupon, and on April 21, 1893, plaintiff and defendant each filed his motion for a new trial and to set aside the judgment."

There was no written agreement of the parties to waive a jury or to refer the cause to a referee. It was referred on the motion of the defendant, for some reason not disclosed by the record. The evidence upon which the referee based his finding is not in the record. As there is no allusion in the order of reference to the Missouri statute, and no consent of the parties, in writing, as provided by section 2137, and no finding that the case was one coming under the provisions of section 2138 of that statute, it would seem that the reference should be regarded as a common-law reference, and not as a reference under the statute of the state regulating references. Investment Co. v. Hughes, 124 U. S. 157, 8 Sup. Ct. 377; Dietz v. Lymer (at the present term of this court) 61 Fed. 792.

The record does not disclose a single exception taken by either party to any ruling made by the court in the progress of the trial; nor was any exception taken to the ruling of the court overruling the exceptions to the referee's report, nor to the rendition of the judgment. These rulings were assigned as grounds for a new trial, but exceptions cannot be saved by stating them for the first time in a motion for a new trial, the overruling of which cannot be assigned for error.

We have looked into the report of the referee, and do not think it subject to any just exception; but, if the fact were otherwise, the result must be the same; for there being no written stipulation of the parties waiving a jury, and the record not containing the evidence, and no specific exception having been taken to the order overruling the exceptions to the referee's report, and no exception taken to the judgment at the time it was entered, the case comes within the rule laid down in the cases heretofore cited. There is no question presented by the record which we can review, and the presumption in favor of the regularity and rightfulness of the proceedings of the circuit court must prevail.

By written stipulation of the parties, this cause was brought into this court by both parties on one and the same bill of exceptions and record, and the costs of said appeals will therefore be equally divided between them.

The judgment of the circuit court is affirmed.