## MATTHEWS *vs.* HOUGHTON.

*Tenney* sued *Matthews* in a process of foreign attachment, and summoned *Houghton* as his trustee, against both of whom he recovered judgment, the latter upon disclosure. No execution issued, the trustee promising to pay upon that condition. About three years afterward, the note, upon which *Houghton* was adjudged the trustee of *Matthews*, being a note not negotiable, was sued in the name of *Matthews*, for the benefit of another, to whom it had been *bona fide* assigned. After the commencement of this suit, *Houghton* gave his note to *Tenney* for the amount of his, *Tenney's* judgment. *Held*, that *Tenney* was a competent witness for *Houghton*, in the suit against the latter.

*Held* further, that the trustee judgment was a bar to the action on the note — and that it might be regarded as such, as well *before*, as after, a satisfaction.

In making up and completing his records, a Justice of the Peace acts *ministerially* and not *judicially* — consequently he may do it when not in commission.

A promissory note, payable in cash *or* specific articles, is *not negotiable.*

*Assumpsit* upon the following promissory note :

"*Madison, July* 31, 1826.

For value received, I promise to pay *Jacob Matthews* or order, forty-five dollars in grain, at the market price, next *January*, or forty dollars in two years from next *January*, and interest.

| 11 | 377 |
| 18 | 335 |
| 22 | 84 |
| 48 | 146 |

*Nathan Houghton.*"

On which were the following indorsements, *viz :* "*July* 31, 1826, received nine dollars and fifty cents upon the within note." "*March* 1, 1827, received on the within twelve bushels of wheat, at five shillings per bushel."

It appeared that, on the 29th of *March*, 1828, said note was assigned by *Matthews* to *W. Preston*, for a valuable consideration, for whose benefit this action is brought. The defendant pleaded the general issue and filed a brief statement setting forth the facts proved in defence.

The defendant offered in evidence a copy of a judgment signed by *Amos Townsend, Esq.* rendered in an action in which *John S. Tenney* was plaintiff, and said *Matthews*, defendant, and in which *Houghton* was summoned as trustee. It appeared further by the record, that *Tenney* recovered judgment against the principal — that, *Houghton* disclosed and was adjudged trustee; but

that no execution had been taken out either against the principal or the trustee.

*Mr. Tenney* was offered as a witness by the defendant, (whose admissibility was to be determined by the full Court) and testified, that *Houghton* at the time of the entry of his, *Tenney's* action, and after he had disclosed and was adjudged trustee, agreed that, as oon as he could ascertain the amount due on said note, he would pay it, if he, *Tenney,* would not take out execution, to which *Tenney* agreed. That, after the commencement of this action, *Houghton* gave his note to *Tenney* for the amount of his judgment and interest.

If the smaller sum named in said note is the amount due thereon, deducting the indorsements, the judgment recovered by *Tenney* was more than sufficient to cover it.

It was admitted that *Townsend* would testify, that a short time prior to *June,* 1832, he made up his record in said action, *Tenney* v. *Matthews & trustee.* That prior to that, he was a deputy sheriff in this county, but was discharged, made up his record as Justice of the Peace, signed the copy of record produced in evidence, and was then reappointed deputy sheriff.

It further appeared by said *Townsend's* certificate, that the following was a true copy of the memorandum on his docket; " *March* 31, 1828. *John S. Tenney* v. *Jacob Matthews & Nathan Houghton, trustee* — con'd to *Aug.* 1, 1828." — Which certificate was objected to.

*Weston J.* ordered a nonsuit, which was to stand, if said trustee judgment is a bar to this action, or if upon the whole facts of the case, the plaintiff could not sustain this action — but if the trustee judgment was not a bar to this action, or if the larger sum is the true sum due on said note, or if said *Townsend* had no authority to make up said judgment and certify said copy, or if said note is negotiable, the nonsuit was to be taken off and the defendant defaulted; or if upon the whole facts of the case, the nonsuit should be taken off, the defendant was to be defaulted.

*Wells,* for the plaintiff.

The defendant, since the commencement of this suit, gave his note to *Tenney* in his own wrong. He was not obliged to pay the amount of *Tenney's* judgment, no execution having been

sued out within a year. *Statute of* 1821, *ch.* 61. § 8, 9. Nor could a scire facias issue against the defendant, except within a year from the time of the rendition of judgment, consequently, as trustee, he was entirely discharged. *Patterson* v. *Patten,* 15 *Mass.* 473 ; *Flower* v. *Parker & al.* 3 *Mason,* 247.

2. But there was no judgment. The certificate offered in evidence shows all that there was on the record of the Justice at the time of the commencement of this action. This was insufficient. And if no judgment existed at the time of the commencement of this action, it could not afterward be made up so as to defeat the action. *Clapp* v. *Clapp,* 4 *Mass.* 520.

*Townsend* was not authorized to make up the judgment and certify the copies, at the time he did, because he was not then a Justice of the Peace. This Court have decided, in 3 *Greenl.* 484, *Appendix,* that the offices of deputy sheriff and Justice of the Peace are incompatible. It is therefore contended, that the acceptance of the office of deputy sheriff by *Townsend,* amounted to a resignation of the office of Justice of the Peace. 3 *Greenl.* 372.

No amendment in the record could be made, which would affect vested rights, as in this case. *Freeman* v. *Paul,* 3 *Greenl.* 260 ; *Emerson* v. *Upton,* 9 *Pick.* 167.

3. *Mr. Tenney* ought not to have been admitted as a witness. He was interested — his testimony went directly to support the trustee judgment, or to protect the trustee, which is the same thing. By supporting that judgment he makes two persons liable instead of one. He is also interested in regard to the costs.

4. This note was payable in *wheat or money.* The plaintiff is entitled to the largest sum, neither of them being paid, it belonged to the payee to elect which he would have, and he elects the larger. *Co. Litt.* 145, *a.*

*Boutelle* and *Tenney,* for the defendant, cited the following authorities : *Maine stat. ch.* 61, *sec.* 8, 9 ; *Taylor* v. *Day,* 7 *Greenl.* 129 ; *Perkins* v. *Parker,* 1 *Mass.* 117 ; *Stevens* v. *Gaylord,* 11 *Mass.* 265 ; *Bissell* v. *Briggs,* 9 *Mass.* 468 ; *Wood* v. *Partridge,* 11 *Mass.* 491 ; *Foster* v. *Sinclair,* 4 *Mass.* 450 ; *Hull* v. *Blake,* 13 *Mass.* 153 ; *Foster* v. *Jones,* 15 *Mass.* 185 ; *Kelsey* v. *Learned,* 6 *Greenl.* 116 ; *Dane's Abr.* 464 ;

3 *Black. Com.* 421 ; 2 *Kent's Com.* 364 ; 1 *Com. on Con.* 10, 11 ; *Perley* v. *Spring,* 12 *Mass.* 297 ; 1 *Esp. N. P.* 23, 24 ; 3 *Black. Com.* 24 ; 1 *Stark. Ev.* 150 ; *Haskell* v. *Haven,* 4 *Pick.* 404 ; *Ladd* v. *Blunt,* 4 *Mass.* 402 ; 6 *Dane's Abr.* 493. *Com. Dig. Attachment,* I ; 1 *Salkeld,* 280 ; 3 *East,* 367 ; *Wise* v. *Hilton,* 4 *Greenl.* 435 ; *Howard* v. *Rogers,* 5 *Greenl.* 441.

MELLEN C. J. at a subsequent term, delivered the opinion of the Court.

Several questions have been discussed in argument, which we proceed at once to examine and decide.

1. We do not perceive any incorrectness in the ruling of the Judge as to the admission of *Mr Tenney* as a witness. He is not interested in the event of this suit. He obtained a judgment against the effects of *Matthews* in the hands of *Houghton,* who has voluntarily given his note to *Tenney* for the amount. It does not follow that he would have any defence against the note, if there was any irregularity in the manner in which the judgment was made up by the Justice. Besides, this question is not distinctly reserved and presented in the close of the report as one of the alternatives upon which a new trial was to be granted, if it was ruled incorrectly.

2. There can be no possible doubt as to the character of the note. Clearly it is not a negotiable note.

3. Neither has the Court any reason for pronouncing the conduct of *Townsend* illegal or irregular in making up the judgment. The memorandum on his docket is brief and imperfect, stating merely the day on which the action was entered — the names of the parties, and the continuance or adjournment of the Court to *August* 1, 1828. He completed the record prior to *June,* 1832, having resigned the office of deputy sheriff, which he then held, before completing the record, because our Constitution, *art.* 9, *sec.* 2, provides, among other things, that no person shall hold or exercise, at the same time, the office of Justice of the Peace and deputy sheriff. We are inclined to the opinion that the formality of a resignation was unnecessary. It does not appear at what time his commission, as a Justice of the Peace, expired, by resignation or lapse of time. The design of the constitution was to prevent the union and exercise of *judicial* and *executive* powers

in the same person at the same time, as impolitic if not dangerous. But a magistrate does not act *judicially* in making up and completing his record. In doing *this* he performs *himself,* what this Court does by the agency of *their clerk.* It is a mere ministerial act. The Justice adjourned to *August* 1, 1828, on which day he made his decision. We have stated all these facts for the sake of giving this answer to them, though, as we are furnished with an attested copy of the record of said judgment, we have serious doubts whether any of the parol evidence which we have been considering is properly admissible. On the whole, we consider we have regular proof of the judgment before us.

4. In the fourth place our opinion is, that the judgment is a bar to the present action. It has never been appealed from ; and according to the cases cited by the counsel for the defendant, a judgment duly rendered against him as trustee, is as much a protection to him *before* it is satisfied as it is *after* payment. We are all of opinion that the nonsuit was properly ordered and it is confirmed.

*Judgment for the defendant for his costs.*