## WOODWARD v. WILLARD.

1. Foreign judgment: JURISDICTION. That the attorneys who appeared and made defense in the original action were not authorized by the defendant so to do would not affect the validity of the judgment, if it appears that notice of the pendency of the suit was duly served upon defendant.

2. Accord and satisfaction: UNEXECUTED. An unexecuted agreement for accord and satisfaction is no defense

*Appeal from Pottawattamie District Court.*

WEDNESDAY, MARCH 27.

THIS action was brought on the 11th day of November, 1869, upon a judgment rendered by the district court of Douglas county, State of Nebraska, on the 25th day of October, 1867, for the sum of $319 damages, and $31.35

costs, in favor of one Edward P. Child and against the defendant herein. The plaintiff avers that the judgment was assigned to him by the plaintiff therein, on the 5th day of September, 1868, and said assignment was entered upon the record of said judgment. A copy of the said judgment with all the papers and proceedings in the case wherein it was rendered, together with a copy of the assignment thereof to this plaintiff, is annexed to the petition.

The defendant for answer denies that there is any such judgment; denies that any notice was ever served on him of the pendency of such suit; denies that he ever appeared therein; denies that the attorney who appeared for him had any authority so to appear; denies that the judgment has been assigned to plaintiff, or that he is the owner of it, and avers that the appearance made therein for this defendant was by the fraud and connivance of the plaintiff therein. The cause was tried to a jury. After the evidence was closed the defendant asked and obtained leave to, and did file an amendment to his answer, setting up an alleged settlement of the cause of action upon which the pretended judgment was recovered, prior to its rendition, by reason of which he failed to defend, and the plaintiff, by that fraud, procured it. The jury found a verdict for the defendant. The plaintiff appeals. The further necessary facts are stated in the opinion.

*Sapp, Lyman & Hanna* for the appellant:

I. Evidence of a settlement of the original controversy is not admissible in an action on a judgment obtained in a sister State. The defendant having failed to avail himself of his rights by an appeal or writ of error, and having submitted to the jurisdiction of the court wherein judgment was obtained, cannot afterward be heard to say that the original suit was settled.

His own negligence, and want of prompt action to have

the judgment, if wrongfully obtained, set aside, will not now avail him. *Shricker* v. *Field*, 9 Iowa, 366 ; *Harshey* v. *Blackmar*, 20 id. 161 ; *Abernathy* v. *Latimore et al.*, 19 Ohio, 286 ; *Lincoln* v. *Tower*, 2 McLean, 473 ; *Cooper* v. *Reynolds*, 10 Wall. 308.

II. The defendant having admitted the service of notice of the commencement of suit upon him, and that he had a conversation, in reference to said suit, with a member of the firm, who afterward appeared as his attorneys, and filed an answer for him in said suit, is estopped from denying the contents of said answer, the same being a part of the record, and conclusive against the defendant. *Hefferman* v. *Burt*, 7 Iowa, 320 ; *Aultman* v. *McLean*, 27 id. 129.

III. The right to amend a pleading is not an absolute and unconditional one, but is to be allowed only in the furtherance of justice, under a sound judicial discretion. It should not be allowed when it will prove prejudicial to the rights of the opposite party, and sets up new matter of which the opposite party has not been before apprised, and which takes him by surprise. *Brockman* v. *Berryhill*, 16 Iowa, 183 ; *Correll* v. *Glasscock*, 26 id. 83.

IV. The evidence is clear that the service of summons upon the defendant was strictly in accordance with the laws of Nebraska. There is no conflict upon this point. The defendant simply says that the summons was not read to him.

The return of the sheriff was conclusive upon this point, and there being no evidence to support it, the instruction had the effect to mislead the jury. All the presumptions are in favor of the return of the officer. Judgment rendered upon defective service is not void, but voidable only. *Bonsall* v. *Isett*, 14 Iowa, 309 ; *Cooper* v. *Sunderland*, 3 id. 114; *Butler et al.* v. *Rickets*, 11 id. 107; *Nollen* v. *Wisner et al.*, id. 190.

In an action on a foreign judgment, an error of law, or

of fact, in the proceedings wherein the judgment was rendered, which could have been corrected by proper proceedings in the courts of the State in which it was recovered, cannot be pleaded as a defense.

There is a clear distinction between insufficient service, or between a service insufficient only in the manner of making it, and a case where no service at all is made or attempted to be made. In the former case its sufficiency cannot be questioned collaterally. *Milne* v. *Van Buskirk*, 9 Iowa, 558; *Bonsall* v. *Isett*, 14 id. 309; *Johnson & Stevens* v. *Butler*, 2 id. 532.

V. The promise to dismiss, in order to be binding, must have been positive and unconditional, and not qualified or uncertain. *Johnson* v. *Lyon*, 14 Iowa, 431; *Burton* v. *Mason*, 26 id. 392.

VI. Where a party has been vigilant in preparing for trial, using every reasonable precaution, and is taken by surprise by the introduction of evidence which he could not reasonably have anticipated, such evidence contributing to an unfavorable verdict, he will be entitled to a new trial. ' Rev. 1860, § 3112; *Schumaker et al.* v. *Gelpecke*, 11 Iowa, 84; *Lodge* v. *Reznor*, 13 id. 600; *Holbrook* v. *Nichol*, 36 Ill. 161.

VII. We claim that, upon the following decisions of this court, we are entitled to a new trial upon the ground that the verdict is against the weight of the evidence. *Jourdan* v. *Reed*, 1 Iowa, 135; *Lodge* v. *Reznor*, 13 id. 600; *Phillips* v. *Bush*, 16 id. 593; *State* v. *Tomlinson*, 11 id. 401; *State* v. *Elliott*, 15 id. 72; *Smith* v. *Williams*, 23 id. 28; *State* v. *Flynn*, 28 id. 26.

VIII. The court will grant a new trial where the verdict is against the law as given by the court. We claim that the verdict is contrary to instructions Nos. 2, 3, 5, 6, 8 and 10. *Lloyd* v. *McClure*, 2 G. Greene, 139; *Caffery* v. *Groome*, 10 Iowa, 548; *Savery* v. *Buswick*, 11 id. 487;

*Taylor* v. *Cook*, 14 id. 501; *Jewett & Root* v. *Smart & Gillett*, 12 id. 505; *Porter* v. *Thompson*, 22 id. 391.

IX. A defendant, who has been represented by an unauthorized attorney, has the right to be relieved against the judgment by a direct action in equity to set it aside; but such action must be brought promptly after a knowledge of its rendition has come home to the defendant.

The failure and neglect to avail himself of this remedy will conclude him from setting up such unauthorized appearance as a defense. *Bryant* v. *Williams*, 21 Iowa, 329; *De Louis* v. *Meek et al.*, 2 G. Greene, 55–71; *Powell* v. *Spaulding*, 3 id. 443; *Hefferman* v. *Burt*, 7 Iowa, 320; *Denton* v. *Noyes*, 6 Johns. 295; *Sloo* v. *Lea*, 18 Ohio, 307; *Abernathy* v. *Latimore*, 19 id. 286; 2 Story's Eq. Jur., § 887; Adams' Eq. 198; *Warner* v. *Conant*, 24 Ver. 354; 1 Johns. Ch. 51; 3 id. 351.

X. It will be presumed in all collateral proceedings, and on appeal or in error, that a regular attorney at law who appeared for a defendant, though not served, had authority to do so. *Denton* v. *Noyes*, 6 Johns. 295; *Lagou et al.* v. *Patterson*, 1 Blackf. 327; *Prince* v. *Griffin*, 16 Iowa, 552; *Pillsbury* v. *Dugan*, 9 Ohio, 118; *Harshey* v. *Blackmar*, 20 Iowa, 171; *McCullough* v. *Guetner*, 1 Binn. 214.

XI. Judgments of the several States, under the laws of this State, and of the United States, are entitled to full faith and credit, and have the effect, as evidence, in all the States. The record thereof, duly authenticated, imports absolute verity and cannot be traversed.

Where it appears, from the record, that process was served on the defendant, or that he appeared in the suit, the fact cannot be denied by plea.

The facts on the record necessary to give jurisdiction are material, and cannot be controverted.

The judgment is conclusive, and cannot be attacked collaterally. *Lincoln* v. *Tower*, 2 McLean (U. S.), 473;

Woodward v. Willard.

*Mills* v. *Duryee*, 7 Cranch, 481; *Hampton* v. *McConnell*, 3 Wheat. 234; *Cooper* v. *Reynolds*, 10 Wall. 308; *Stoval* v. *Banks*, id. 583; *Denton* v. *Noyes*, 6 Johns. 296; *Bissell* v. *Briggs*, 9 Mass. 462; *Starbuck* v. *Murray*, 5 Wend. 148; *Shumway* v. *Stillman*, 6 id. 447; *Prince* v. *Griffin*, 16 Iowa, 552; *Boker* v. *Chapline*, 12 id. 204, and cases cited; *Cooper* v. *Sunderland*, 3 id. 114; *Morrow* v. *Weed*, 4 id. 77; *Bonsall* v. *Isett*, 14 id. 309; *Milne* v. *Van Buskirk*, 9 id. 558; *Newman* v. *Cincinnati*, 18 Ohio, 324; *Anderson* v. *Anderson*, 8 id. 108; *Matthews* v. *Thompson*, 3 id. 272; *Meyer* v. *Zane*, id. 305; *Cochran* v. *Loring*, 17 id. 409; *Reynolds* v. *Stansbury*, 20 id. 344; *White* v. *Merrett et al.*, 7 N. Y. 352; *Jacobs* v. *Hill*, 12 Mass. 462; *Aldrich* v. *Kinney*, 4 Conn. 380; *Carnan* v. *Greenwood T. P. Co.*, 1 id. 1; *Bimler* v. *Dawson*, 4 Scam. (Ill.) 536; *Smith* v. *Smith*, 17 Ill. 482; *More* v. *Parker*, 25 Iowa, 355; *Holt* v. *Allaway*, 2 Blackf. 108; *Burton et al.* v. *Dist. Tp. of Warren*, 11 Iowa, 166.

*Clinton, Hart & Brewer* for the appellee.

COLE, J. — I. One main ground of defense, relating to the validity of the judgment, was the want of legal service of the original notice or summons upon the defendant therein. The defendant himself testifies that "no notice or summons was ever read to me in case of E. P. Child against me, in Douglas county, Nebraska, or anywhere else in Nebraska. * * * The summons was served by copy." The return of the sheriff upon the process was as follows: "Received this summons March 23, 1866, at two o'clock, P. M. ; served the same day, by delivering to the within named defendant a certified copy of this writ." The fact that the summons was served by copy, and not by reading, is thus sufficiently established. But the statute, or Code of Nebraska, which was also introduced in evidence, and is before us in this case, provides:

"§ 61. The service shall be by delivering a copy of the summons to the defendant personally, or by leaving one at his usual place of residence, at any time before the return day."

"§ 62. In all cases the return must state the time and manner of service."

It will be seen, therefore, that the service was strictly legal and proper. So far as respects the service and return, the judgment was valid.

II. It appears from the authenticated copy of the papers and proceedings in the case in Nebraska, wherein the judgment sued on was rendered, the copy of which was annexed to the plaintiff's petition, and was also introduced in evidence, that there was an answer filed and defense made by attorneys for the defendant in that action. The authority of such attorneys to appear for the defendant therein is denied in this action, and much of the evidence was taken upon this issue. But it becomes wholly immaterial whether the attorneys had proper authority so to appear or not, since it is sufficiently shown that the defendant was duly served with summons, and would be concluded by the judgment, even in the absence of any appearance.

III. After the evidence was concluded by both parties, the defendant was permitted to file an amendment to his answer, setting up a compromise of the original cause of action, prior to the rendition of the judgment sued on. We do not stop to discuss the question whether this amendment was rightly permitted or not, since we find that there was not sufficient evidence to sustain a verdict for defendant upon the issue made thereby, in any event.

2. ACCORD AND SATISFACTION: unexecuted.

The defendant's own testimony upon this point is as follows: "This paper (summons) was served by copy. I showed it to Redick (one of the firm of attorneys who appeared and filed answer, etc.), and asked him what it

meant. He said Child had sued me for a horse, and advised me to try and get Child to replevin the horse from the man I had sold him to. I went to Child, and he said he only wanted the horse, and did not want any difficulty with me; that if he could get the horse by replevin, that would settle the matter between us, and he would dismiss the suit. I told him where the horse was, and agreed to show him the horse any time he 'wanted me to. After this I saw him at Council Bluffs, and he said he was going through Des Moines, and would see Spofford (from whom defendant bought the horse), and try to settle the matter with him. I then told him where the horse was; I never saw him again. It was in consequence of this that I did not attend to defending the suit." * * * This conversation was on the 23d day of March, 1866 (the day the summons was served), and was the only one we ever had in regard to dismissing the suit. I never went to the court-house to see if the suit was dismissed, nor to see about it after judgment had been obtained. I first knew of the judgment two or three months after it was obtained. The horse was never replevined by Child."

This evidence is not sufficient to sustain a verdict that the judgment was obtained by fraud; nor does it show a satisfaction of the cause of action upon which the suit was brought. At the best it shows but an agreement for accord and satisfaction unexecuted; and this, the authorities all agree, is not sufficient to defeat the right to recover. *Frentress* v. *Markle*, 2 G. Greene, 553; *Hall* v. *Smith*, 10 Iowa, 45; S. C., 15 id. 584. See also *Branner* v. *Piper*, 25 id. 400, and cases there cited.

This disposes of the case. But it may be proper, also, to remark that we do not approve of the sixth instruction, which tells the jury that " the presumptions are in favor of the judgment." It is an absolute verity, the court having jurisdiction. Nor of the eighth, which says the judgment is a nullity, if the attorneys were not authorized to

appear.    If there was due service of summons it would not be a nullity.    For the reason that the verdict is not sustained by sufficient evidence the court should have sustained the motion of the plaintiff for a new trial.

Reversed.