<hr />

WIDEMAN v. PRUITT.

1. SUMMONS—MAGISTRATE.—A magistrate's summons requiring the defendant to answer on "the 21st day after service hereof," is sufficient compliance with sub. 16, Code, 88.

2. WORDS AND PHRASES.—The words "Abbeville" and "Abbeville Court House," in Rev. Stat., 856, are used interchangeably and mean same thing.

3. JURISDICTION—PRACTICE—APPEAL.—Where a defendant only appears to object to the jurisdiction, *only* questions of jurisdiction can be considered on appeal.

Before WATTS, J., Abbeville, June, 1897.    Affirmed.

Action in magistrate court by J. W. Wideman *v.* F. V. Pruitt. Judgment for plaintiff. Defendant appeals. Judgment affirmed. Defendant appeals.

*Messrs. Giles & McGill,* for appellants, cite: *Summons must fix day of trial:* Code, 88, sub. 16; 22 Tex., 398; 25 Minn., 41; 8 S. C., 115; 29 S. C., 31. *Summons does not state place of issuance:* Rev. Stat., 856. *Error to make judgment of magistrate's court judgment of Circuit Court on appeal:* Code, 368, 87.

*Mr. Wm. P. Greene,* contra, cites: *"Abbeville" and "Abbeville C. H." are interchangeable terms in* Rev. Stat., 856. *Order only amounts to affirmance:* Code, 368. *An*

*appeal from an order only is not an appeal from a judgment:*
32 S. C., 1; Code, 266, 358.

March 24, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. The following statement of facts
is set forth in the case: This action was commenced by the
service of a summons, the following being a copy: (Title
of cause.) "By R. E. Cox, magistrate in and for said county
and State. To the sheriff of said county. Complaint hav-
ing been made unto me by James W. Wideman that F. V.
Pruitt is indebted to him in the sum of $59, on account for
medical attention, and that he refuses payment. These are,
therefore, to require you to summons the said defendant to
appear before me at my office in Abbeville, S. C., on the
twenty-first day after the service thereof on said defendant,
exclusive of the day of such service, and at 10 o'clock A.
M. on said day, to answer to the said complaint, or judg-
ment will be given against him by default. Given under
my hand and seal at Abbeville, S. C., 9th day of Novem-
ber, 1896. R. E. Cox, (L. S.) magistrate A. C." The de-
fendant appeared specially on the 2d day of December,
1896, and objected to the exercise of jurisdiction; where-
upon Magistrate R. E. Cox overruled said objection, and
the defendant withdrew. R. E. Cox is a magistrate, ap-
pointed for Abbeville C. H. On the 5th day of December,
1896, the defendant appealed to the Court of Common
Pleas for Abbeville County, on the grounds: (1) Because R.
E. Cox erred in holding that the summons in this action is
sufficient, when there is no day fixed therein for trial; and·
(2) because the complaint was not, therefore, served twenty
days before the day fixed. The appeal was duly docketed
in the Court of Common Pleas for said county, and on the
15th day of June, 1897, the following order was passed by
the presiding Judge: Upon hearing argument, and upon
motion of W. P. Green, respondent's attorney, it is ordered,
that the appeal be dismissed with costs, and that the judg-
ment of the Court below be made the judgment of this

Court. R. C. Watts, presiding Judge. June 15, 1897. Within ten days after the rising of the Court, to wit: on the 23d day of June, 1897, notice of intention to appeal was duly served by defendant on the plaintiff.

Within thirty days after service of said notice, to wit: on the 22d day of July, 1897, the following exceptions were duly served on plaintiff's attorney: Please take notice that the defendant excepts to the rulings and judgment of his Honor, R. C. Watts, in this case, made at the June term of the Court of Common Pleas for Abbeville County, and dated June 15, 1897; appeals to the Supreme Court from the said judgment, and will ask that the same be reversed on the following grounds: I. Because it was error to overrule the following grounds of appeal from the magistrate court: Because the said R. E. Cox (magistrate) erred in holding that the summons in this action is sufficient when there is no day therein fixed for trial; and because the complaint was not, therefore, served twenty days before the day fixed for trial. II. Because the summons does not state where the defendant should appear to answer the complaint— whether at Abbeville Court House or somewhere else in the county of Abbeville. III. Because the said magistrate acquired no jurisdiction, for the reason that the summons does not require the defendant to appear to answer the complaint in his office at Abbeville Court House. IV. Because the said summons is fatally defective, in that it does not state that it was issued in the office of said magistrate at Abbeville Court House. V. Because it was error in the presiding Judge to order that the judgment of the magistrate court be made the judgment of the Court of Common Pleas.

We proceed to a consideration of the first exception. Subdivision 16, section 88, of the Code provides: "Where $25 or more is demanded, the complaint shall be served on the defendant not less than twenty days, and where less than that sum is demanded, not less than five days before the day therein fixed for trial, &c." The day

fixed in the summons for the trial of the case was "on the twenty-first day after the service hereof, exclusive of the day of such service." The defendant had it in his power to determine, with mathematical accuracy, the day fixed in the summons for the trial of the case. There was, therefore, a compliance with the requirements of the Code, that a day should be fixed in the summons for the trial of the case. The better practice, perhaps, would be for the magistrate to fix a day for trial, that would prevent the necessity of making a calculation; still, when the defendant can, by calculation, determine the exact day of trial, he cannot complain. This exception is overruled.

We will next consider together the second, third, and fourth exceptions. Section 856 of the Rev. Stat. provides that "seventeen trial justices shall be appointed for the county of Abbeville, and no more. One shall be commissioned for each of the following places, viz: Ninety-Six * * * and two at *Abbeville Court House.* Each shall have his office at the place for which he shall be appointed. * * * Each of said trial justices, except the two appointed for the *town of Abbeville*, is authorized to appoint a constable, &c. * * * The sheriff of the county is authorized and required * * * to execute all process issued by the trial justices at *Abbeville*" * * * (italics ours). It will thus be seen that the words "Abbeville" and "Abbeville Court House" are used interchangeably in the statute, and mean the same thing. *State* v. *Thayer*, 4 Strob., 286. These exceptions are, therefore, overruled.

The fifth exception cannot be considered, as it involves a question other than that of jurisdiction. The defendant entered a special appearance, for the purpose of objecting to the jurisdiction of the magistrate, and that is the only question which this Court can now consider.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.