W. L. TOMLIN ET AL., Appellees, v. WILLIAM V. WOODS, Appellant.

**Foreign judgments:** ACTION ON: LIMITATION. The fact that the
1 cause of action sued on in a foreign jurisdiction was barred, is no defense to an action in this state on the judgment therein rendered.

**Foreign judgment:** NOTICE OF SUIT. The notice to defendant of the
2 time and place for his appearance, as contained in a justice court summons in a foreign state, is considered and held sufficient, but if defective the question cannot be raised in an action in this state on the judgment rendered therein.

**Foreign judgment:** APPEARANCE. Suit was brought in justice court
3 in the state of California and defendant was duly served but appeared only by attorney when the time for trial was fixed and notice given as provided by the law of that state, and on the day fixed judgment was entered. Held that defendant could not attack the judgment in an action thereon in this state on the ground that the attorney had no authority to appear, for if unauthorized defendant was in default, and if authorized the law of procedure was complied with and in either case plaintiff was entitled to judgment; also held that though the appearance was without authority it justified the delay in entry of judgment of which defendant could not complain.

**Evidence:** TRANSCRIPT OF JUDGMENT. The transcript of a judgment of a justice in a foreign state was not inadmissible in an action in this state because bearing no revenue stamp.

**Foreign judgment:** ATTESTATION. A transcript of the judgment of a foreign justice attested in conformity with Code, section 4646, is admissible in an action in the courts of this state, as the United States statutes do not provide the exclusive method of proving a foreign judgment.

**Foreign judgment:** TRANSCRIPT: SUFFICIENCY. Where the transcript of a justice of another state shows that jurisdiction was acquired, it will not be held insufficient, though failing to show subsequent proceedings which are directory only.

*Appeal from Van Buren District Court.*— HON. ROBERT
SLOAN, Judge.

TUESDAY, OCTOBER 25, 1904.

ACTION at law upon a judgment rendered by a justice of the peace of the State of California. Defendant pleaded the statute of limitations, and further averred that no notice of the action before the justice was ever served upon him, and that he did not appear before said justice. He further pleaded that the said action was not properly commenced as required by the statutes of California; that it was continued and postponed contrary to the statutes of that State; and that no notice of final trial or hearing was given him. On the issues thus joined the case went to trial to the court, a jury being waived, resulting in a judgment for plaintiffs, and defendant appeals.— *Affirmed.*

*Wherry & Walker,* for appellant.

No appearance for appellees.

DEEMER, C. J.— The justice's judgment purports to have been rendered November 26, 1900. It recites that due and legal notice in writing had been given the defendant and his attorney of record more than five days next preceding the

time fixed for trial; that the defendant did not appear; and that the court proceeded to trial on the complaint of the plaintiffs and the answer of defendant, and, after hearing the proofs, found that defendant was indebted to plaintiffs, and rendered judgment accordingly. The transcript is properly identified, and was introduced in evidence upon the trial. Plaintiffs also introduced a copy of the original summons, with return of service indorsed thereon. This return shows personal service on defendant on March 4, 1898, according to the laws of the State of California. This summons required defendant to appear before the justice to answer the complaint within certain periods of time varying from five to twenty days, depending upon the residence of the defendant. It appears from the oral testimony introduced that defendant was required to appear within ten days from March 4, 1898, excluding the day of service. Plaintiffs also introduced a demurrer to the complaint, purporting to have been filed by defendant March 8, 1898; also an answer filed October 15, 1900. A notice of the time of the hearing of the demurrer is also in the record under date of September 27, 1900, service of which was admitted by one Murphy, as attorney for the defendant, under date of October 2, 1900. A letter from this attorney, stating that he should try to have some one look after the case and appear for him, was also introduced. The notice of the hearing of the demurrer fixed the time as October 15, 1900, at ten o'clock a. m. Relevant and material statutes of the State of California were introduced by both parties, to some of which we shall hereafter make reference. Defendant virtually admits the service of the summons on March 4th, but denies the receipt of any other notice. He also disputes the authority of Attorney Murphy to appear for him. He further testified that he lived in Iowa from April 24, 1900, to some time in July of the year 1901. It further appears that after overruling the demurrer filed to the complaint the justice gave Attorney Murphy notice of the time set for the

hearing and trial of the case on November 2, 1900; the time so fixed being November 26, 1900. This notice was by letter addressed to the attorney, and a copy was also mailed to the defendant.

There is no doubt, under the evidence, that the original summons was properly served upon the defendant; but under the evidence we must hold that Attorney Murphy had no authority to appear for him. However, it was the conduct of Murphy which caused the delay in taking judgment for more than two years. These being the facts, it sufficiently appears that defendant was served with notice, and that for failure to appear within the required time plaintiffs in that action were entitled to a default and judgment. But for the action of an unauthorized attorney, he would have secured it at the time fixed in the summons for defendant's appearance.

The material statutes (Code Civ. Proc.) of the State of California read as follows:

Section 104. A justice's court may be held at any place selected by the justice holding the same, in the township for which he is elected or appointed; and such court shall be always open for the transaction of business.

Section 832. Actions in justice's court must be commenced, and, subject to the right to change the place of trial, as in this chapter provided, must be tried: * * * (7) When a person has contracted to perform an obligation at a particular place, and resides in another county, township or city — in the township or city in which such obligation is to be performed, or in which he resides; and the township or city in which the obligation is incurred shall be the township or city in which it is to be performed, unless there is a special contract to the contrary. (8) When the parties voluntarily appear and plead without summons — in any township or city in the State.

Section 832, subsection 1. If there be no justice's court for the township or city in which the defendant resides — in any city or township of the county in which he resides. (2) When two or more persons are jointly and severally bound, in any debt or contract, or otherwise jointly liable in the same action, and reside in different townships or dif-

ferent cities of the same county; or in different counties, in the township or city in which any of the persons liable may reside.

Section 839.   An action in justice's court is commenced by filing a complaint.

Section 840 provides that the justice must indorse on the complaint the time of filing, and that at any time within one year thereafter plaintiff may have a summons issue.

. Section 847 provides for the issuance of alias summons, as demanded by plaintiff, within one year.

Section 849 provides that the summons may be served by a constable of any county of the State, or by any male resident over the age of eighteen years, not a party to the suit, within the county in which suit is brought.

Section 411 provides that the summons shall be served by delivering a copy to the defendant personally.

Section 416.   From the time of the service of the summons and a copy of the complaint in a civil action, where service of a copy of the complaint is required, or of the completion of the publication when service by publication is ordered, the court is deemed to have acquired jurisdiction of the parties, and to have control of all the subsequent proceedings. . The voluntary appearance of the defendant is equivalent to personal service of the summons and copy of the complaint upon him.

Section 434.   If no objection be taken, either by demurrer or answer, the defendant must be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action.

Section 850.   When all the parties served with process shall have appeared, or some of them have appeared, and the remaining defendants have made default, the justice must fix a day for the trial of said cause, and notify the plaintiff and defendants who have appeared, thereof.   The parties are entitled to one hour in which to appear after the time fixed in the said notice, but are not bound to remain longer than that time, unless both parties have appeared, and the justice, being present is engaged in the trial of another cause.

Section 871.   If the defendant fail to appear, and to answer or demur within the time specified in the summons,

then, upon proof of service of summons, the following proceedings must be had: (1) If the action is based upon a contract, and is for the recovery of money or damages only, the court must render judgment in favor of plaintiff for the sum specified in the summons; (2) in all other actions the court must hear the evidence offered by plaintiff, and must render judgment in his favor for such sum (not exceeding the amount stated in the summons) as appears by such evidence to be just.

Section 872. In the following cases the same proceedings must be had, and judgment be rendered in like manner. as if the defendant had failed to appear and answer or demur: (1) If the complaint has been amended, and the defendant fails to answer it as amended, within the time allowed by the court; (2) if the demurrer to the complaint is overruled, and the defendant fails to answer at once; (3) if the demurrer to the answer is sustained, and the defendant fails to amend the answer within the time allowed by the court.

Section 1012. Service by mail may be made, where the person making the service, and the person on whom it is to be made, reside or have their offices in different places, between which there is a regular communication by mail.

Section 1013. In case of service by mail, the notice or other paper must be deposited in the postoffice, addressed to the perosn on whom it is to be served, at his office or place of residence, and the postage paid. The service is complete at the time of the deposit, but if within a given number of days after such service a right may be exercised, or an act is to be done by the adverse party the time within which such right may be exercised or act be done is extended to one day for every twenty-five miles distance between the place of deposit and the place of address, such extension, however, not to exceed nine days in all.

Section 1014. A defendant appears in an action when he answers, demurs or gives the plaintiff written notice of his appearance, or when an attorney gives notice of an appearance for him. After appearance a defendant or his attorney is entitled to notice of all subsequent proceedings of which notice is required to be given. But where a defendant has not appeared, service of notice of papers need not be made upon him unless he is imprisoned for want of bail.

Section 873. Unless postponed as provided in this chapter, or unless transferred to another court the trial of the action must commence at the expiration of one hour from the time specified in the notice mentioned in section 850, and the trial must be continued, without adjournment for more than twenty-four hours at any one time, until all the issues therein are disposed of.

Section 874. The court may, of its own motion, postpone the trial: (1) For not exceeding one day, if, at the time fixed by law or by an order of the court for trial, the court is engaged in the trial of another action. (2) For not exceeding two days, if by an amendment of the pleadings, or the allowance of time to make such amendment or to plead, a postponement is rendered necessary. (3) For not exceeding three days, if the trial is upon issues of fact, and a jury has been demanded.

Section 875. The court may by consent of the parties given in writing or in open court, postpone the trial to a time agreed upon by the parties.

Section 876. The trial may be postponed upon the application of either party, for a period not exceeding four months.

Section 877. No adjournment must, unless by consent of parties, be granted for a period longer than ten days, upon the application of either party, except upon condition that such party file an undertaking, in an amount fixed by the justice, with two sureties, to be approved by the justice, to the effect that they will pay to the opposite party the amount of any judgment which may be recovered against the party applying, not exceeding the sum specified in the undertaking.

Other sections with reference to what a justice's docket should contain provide, in substance, that it shall show the title of the action, the object thereof, and, if for money, the amount thereof; the date of the summons and the time of its return; the time of appearance, or of non-appearance if default be made; a minute of the pleadings, and, if in writing, reference to them; every adjournment, stating on whose application and to what time; and the judgment of the court specifying costs, and the time when rendered.

Section 912. The several particulars of the last section

specified must be entered under the title of the action to which they relate, and (unless otherwise in this title provided) at the time when they occur. Such entries in a justice's docket, or a transcript thereof, certified by the justice, or his successor in office are *prima facie* evidence of the facts so stated.

In view of the many claims made by the defendant it has seemed necessary to reproduce these statutes at the expense of time and paper, in order that the issues may be properly determined, and, when decided, understood by the profession. We shall give no attention to the plea that the action is barred by the statute of limitations. This action is upon a foreign judgment rendered in the year 1900, and, of course, is not barred. If the note on which the action was brought in justice's court was barred by the statute, that was a defense which defendant should have pleaded in that action, and it cannot be made availing here.

1. FOREIGN JUDG- MENTS: action on; limitation.

II. The next issue presented by the answer is that no notice was ever served upon the defendant of the suit before the justice. We have no doubt that such a notice was personally served by the delivery of a copy of the summons, to which was attached a copy of the complaint, to the defendant personally. The great preponderance of the testimony is to this effect. That service was on the date above stated.

III. Complaint is made that the action before the justice was continued and postponed contrary to the statutes of California; that no notice of final trial and hearing was ever served on defendant as required by law; that defendant made no appearance to that action; and that the transcript of the record of the judgment does not show the things required by law, and that the entire proceedings were and are void. Many of these issues were bare conclusions of the pleader, but, as no objection was made thereto in the trial court, we shall consider such as appear to have been treated as in issue by the lower court. The rulings on evidence fur-

nish the basis of other complaints, some of which will be noticed during the course of this opinion.

The sufficiency of the summons. is challenged for the reason that no time or place was fixed therein for defendant's appearance. The place was definitely fixed, and the time was thus stated: "Within five days (exclusive of the day of service) after the service on you of this summons, if served within the township in which this action is brought; or, if served out of said township, but in said county, within ten days; or within twenty days if served elsewhere." This is said to be insufficient, in that it amounted to no notice. If this be true, then the justice had no jurisdiction. But, if the notice be defective merely, then the question cannot be raised in this case. We think the notice was sufficient. *Deidesheimer v. Brown,* 8 Cal. 339; *Ralph v. Lomer,* 3 Wash. St. 401 (28 Pac. Rep. 760); *Wideman v. Pruitt,* 52 S. C. 84 (29 S. E. Rep. 405); *Gould v. Johnston,* 24 Minn. 188. But, ·in any· event, the notice was defective only, rather than void. *Decatur Co. v. Clements,* 18 Iowa, 536; *Comet C. v. Frost,* 15 Colo. 310 (25 Pac. Rep. 506); *Farmers' Co. v. Highsmith,* 44 Iowa, 330; *Woodbury v. McGuire,* 42 Iowa, 342; *Ballinger v. Tarbell,* 16 Iowa, 491. There was an appearance to the action before the justice, which we must hold, in view of the record, was unauthorized. But, if it had been authorized, the provisions of the California Code with reference to the hearing of the demurrer and of the filing of the answer and of the time set for trial were complied with. This last was given November 2, 1900, and the trial was set for November 26th. We are also satisfied that the justice mailed this notice to the defendant, although it appears that at that time defendant was living in Iowa. But the statutory provision as to notice by mail was complied with.

IV.  Defendant says that the attorney had no authority to appear, and also says that he had no notice of the postponement, in any event. If this attorney had no authority

2. FOREIGN JUDGMENT: notice of suit.

to appear, and there was no appearance for any one, then defendant was in default, and he was not entitled to a subsequent notice. *Woodward v. Willard,* 33 Iowa, 542. If he had authority to appear, then due notice was given him. But for the appearance of this unauthorized attorney, the justice would undoubtedly have entered judgment by default. But, there being an appearance, notice was required under the California statute, and this was given. This was a notice of the time set for the hearing of the demurrer and of the time fixed for trial. The demurrer was overruled, and an answer was filed, and notice of trial duly given. Let us say that all was without authority. May the defendant complain, he confessedly being in default? We think not. See the Woodward Case, *supra.* Unless the attorney was authorized to appear, defendant was not entitled to further notice. If authorized, it was properly given. So that the only question left in this connection is the failure of the justice to render judgment against defendant at the time plaintiffs were entitled thereto under the original summons, as provided in one of the statutes quoted with reference to when judgment should be rendered. Supposing that the attorney had authority to appear, the justice followed the statutory proceedings with reference to subsequent notices, and for that reason failed to enter judgment when plaintiffs were entitled thereto. Does this vitiate the judgment in view of section 912 of the California Code? We think not. Indeed, the Supreme Court of California has so held. *Lynch v. Kelly,* 41 Cal. 232. See, also, *Matthews v. Houghton,* 11 Me. 377; *Fish v. Emerson,* 44 N. Y. 377. There is sufficient excuse for the delay, and defendant is in no position to take advantage of it. This thought is emphasized when we consider section 416 of the California Code, giving a justice jurisdiction and control of all subsequent proceedings after service of summons. The justice who rendered the judgment in this case was the same one who issued the original summons and filed the complaint.

3. Foreign judgment: appearance.

In any event, failure to enter judgment upon return day is
a mere irregularity, which does not go to the jurisdiction of
the court.    *Heinlen v. Phillips,* 88 Cal. 559 (26 Pac. Rep.
366) ; *Morrow v. Weed,* 4 Iowa, 88; *Burchett v. Casady,* 18
Iowa, 342; Freeman on Judgments, section 135.    Finding,
in accord with defendant's contention, that the attorney
Murphy had no authority to appear, notice to him was not
essential, and we refer to it simply to show the excuse which
the justice had for deferring the entry of judgment.

V.    It is said that the transcript of the judgment was
not admissible because it bore no revenue stamp.    This
was not in itself sufficient to justify the sus-
taining of an objection thereto.

4. EVIDENCE:
transcript of
judgment.

VI.    Further, it is said that it is not properly attested.
The certificate to the transcript recites that the signer is a
justice of the peace, and that the transcript is a full, true,
and correct copy of the judgment rendered in
the action entitled as above as to defendant
William V. Wood, as the same appears from
the original judgment in his docket, and the whole thereof.

5. FOREIGN JUDG-
MENT: attes-
tation.

The county clerk of the county in which the justice resided
and was acting and *ex officio* clerk of the superior court certi-
fied that Keller, who signed the certificate, was a justice of a
certain township and county in the State, duly elected and
qualified, and that the signature attached to his certificate
was his genuine signature.    This was signed by the clerk
and attested with his seal.    This plainly meets the require-
ments of section 4646 of the Code, and is sufficient.    Section
905 of the Revised Statutes of the United States [U. S.
Comp. St. 1901, page 677] does not provide the only method
for proving judgments or other records of foreign States.
*Petty v. Hayden,* 115 Iowa, 212.

VII.    Lastly, it is argued that the judgment so certified
is insufficient in that it does not conform to the requirements
of the California statutes as to what should be included there-
in.    It does contain the title of the case, the nature of the

complaint referring to it, the appearances and the default of the defendant, the fact that notice in writing had been duly served upon defendant and his attorney more than five days next preceding November 26, 1900, of the time fixed for trial, a recitation of the facts found by the justice, and a judgment in due form. The entry does not recite any adjournments. It does not give the exact date of the summons, nor the time of its return, but says that due and legal notice of the time of trial was given. It also recites an appearance by the defendant. Are these defects fatal? Under the decisions in this State that question must be answered 'in the negative. A statute similar to the one in California was held directory in *Bridges v. Arnold,* 37 Iowa, 221, and *Houston v. Walcott,* 1 Iowa, 86. It is not the entry of the return of notice which confers jurisdiction, but it is the fact of service that gives it. *Newcomb v. Dewey,* 27 Iowa, 381.

6. FOREIGN JUDG- MENT: tran- script; suf- ficiency.'

Some other defects in the transcript are complained of, but none of them go directly to the jurisdiction of the justice. The justice acquired jurisdiction by the service of summons upon the defendant. The attorney's appearance was unauthorized; hence no trial notice was necessary. The statute requiring immediate entry of judgment was directory, and under the California statute the justice had control of all subsequent proceedings in the case. As defendant was in default for want of appearance and answer, the justice had jurisdiction over him, and all subsequent proceedings were mere irregularities, which did not defeat the justice's jurisdiction. See *Morrow v. Weed,* 4 Iowa, 77.

The judgment appears to be correct, and it is *affirmed.*