# BALTIMORE CITY COURT.

Filed March 5, 1909.

INDEPENDENT LUMBER AND MILL COMPANY

VS.

MAGGIE ROSENBROCK.

*John L. G. Lee* and *Eldridge Hood Young* for plaintiff.

*James Fluegel* for defendant.

SAMS, J.—

In this case a motion was made to dismiss the appeal, because the magistrate had not entered the judgment within three days, after a final hearing of the case before the justice. The judgment in this case was entered in about ten days after the case was tried by the justice.

The Code, Article 52, Section 32, provides "that justices of the peace shall enter up judgment in all cases brought or tried before them within three days after a final hearing of the case." In Freeman on Judgment, Section 53, citing Fisk vs. Emerson, 44 N. Y. 377, and Matthews vs. Houghton, 11 Me. 377, it is said, that the entry of a judgment is a ministerial act and the failure of a justice to comply with a law, similar to the Maryland law, requiring judgments to be entered up within a certain time, does not render void a judgment entered up at a later date. Thomas' Procedure in Justice Cases, Section 212, page 161. Statutes requiring that judgments shall be entered within a limited time after the rendition of a verdict or other determination of the cause are generally directory only, so that the validity of the judgment is not affected by failure to comply with them. 23 Cyc., p. 839. Where the action is tried by the justice the clerical duty of entering his judgment may be performed in a reasonable time after the rendition, even where the time for the entry is provided by statute; and in but few States the statutes are held

to be mandatory. What will be a reasonable time will depend upon the facts in each case.

In the case of McCall's Ferry Power Co. vs. Price, 69 Atl. Rep. 832, a motion for reargument was made on the ground that an opinion was not filed within three months after argument or submission of the cause as required by Section 15, Article 4, of the Constitution of Maryland, that provision being that "in every case an opinion in writing shall be filed within three months after the argument or submission of the cause." The Court of Appeals of Maryland said in the McCall's Ferry case, that as to the provision as to time "it would be utterly reasonable to construe that to be mandatory, especially as such provisions are generally held to be directory." 15 Ency. of Pl. and Pr. 308.

In view of the great weight of authority and the clear and positive language of the Court of Appeals in the McCall's Ferry case, above quoted, the motion to dismiss the appeal, for the reasons stated therein, will be overruled.